Silas Barton WRIGHT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6882.

United States Court of Appeals Tenth Circuit.

March 15, 1962.

Kenneth R. Oldham, Denver, Colo., for appellant.

Sam E. Taylor, Asst. U. S. Atty. (John H. Imel, U. S. Atty., was with him on the brief), for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant was indicted on two counts, the first charged the sale of narcotic drugs under 26 U.S.C.A. 4705(a) and the second charged the purchase of narcotic drugs not in, nor from the original stamped package under 26 U.S.C.A. 4704 (a). A plea of not guilty was entered as to each count. Trial was had to a jury, with a guilty verdict as to both counts. The court pronounced a fifteen year sentence on Count One and a ten year sentence on Count Two, the sentences to run concurrently. Motion For New Trial was denied and appeal was taken.

From the record, the defendant was represented by counsel of his own choice prior to the trial, but just before trial, counsel attempted to withdraw. After brief remarks by the court concerning the withdrawal, counsel, on what he referred to as on "an appointment basis," agreed to continue his representation.

Appellant points to error by the court in giving an instruction to the jury by merely referring the jury to an instruction given in a prior case. It is conceded that no request was made by defendant's counsel for any instruction nor did he make any objection to the instructions, as given.

The court in charging the jury stated as follows concerning the credibility of witnesses: "You heard the instructions that I gave the other jury; I think you were all in the courtroom. You should have in mind the instructions heretofore given with reference to the standards applied, resorted to in determining the credibility of the witnesses; you should decide this case in accordance with the evidence in accordance with the court's instructions and return a just verdict."

The giving of an instruction to a jury in this manner is highly improper.

The defendant and his counsel had no knowledge of the proceedings in the prior case and were thereby deprived of an opportunity to intelligently object to the contents of such instruction.

■■ The Government urges that the defendant waived any error in the instructions by failing to make timely objection as provided in Rule 30, Fed.R. Crim.P., 18 U.S.C.A. When a criminal case involves the life or liberty of the accused, the appellate courts of the United States may notice and correct grave errors which seriously affect substantial rights of the accused, although not challenged by objection or motion in the trial court. Fed.R.Crim.P. rule 52 (b), 18 U.S.C.A., Ladakis v. United States, 10 Cir., 283 F.2d 141, 143; Addis v. United States, 10 Cir., 62 F.2d 329, 331, cert. den. 289 U.S. 744, 53 S.Ct. 688, 77 L.Ed. 1491; Fischer v. United States, 10 Cir., 212 F.2d 441, 444; Edgmon v. United States, 10 Cir., 87 F.2d 13, 15. We regard this as such a case since the error here goes beyond any situation contemplated by Rule 30, supra. Here, we say it is the procedure followed in the giving of the instruction and not the contents of the instruction that constitutes error.

■■ We are mindful, of course, of the provisions of Rule 52(a), Fed.R. Crim.P., 18 U.S.C.A. It is not every error committed in the trial of a criminal case which requires reversal of the judgment. A conviction will not be disturbed on appeal where from a careful examination of the whole record it is apparent that the error was not prejudicial and did not deprive the accused of a substantial right. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Rice v. United States, 10 Cir., 149 F.2d 601; Baish v. United States, 10 Cir., 90 F.2d 988; Batson v. United States, 10 Cir., 137 F.2d 288. Only where it fairly appears that an error may have affected in a substantial degree the rights of the accused or contributed to a miscarriage of justice, is the ordering of a new trial justified. Sandquist v. United States, 10 Cir., 115 F.2d 510, 512. In determining whether this error affected the substantial rights of the defendant, we must view the record from all four corners. In the case at bar, the offense is one of a serious nature—the defendant is now facing a fifteen year prison term. The conviction was based partially upon the testimony of a government informer, who, admittedly was a user of narcotics and who had a record of five felony convictions. The defendant was represented by a court appointed attorney who was hesitant and reluctant to accept the responsibility of representing the defendant. This is manifest when the record clearly shows that there was no opening statement made to inform the jury of the defense raised; when it clearly appears that the cross-examination of the Government witnesses was wholly inadequate; when no requests were made for proper instructions to safeguard the rights of the defendant; and when no objections were made to the procedure in giving, or to the instruction as given concerning the credibility of witnesses.

Considering the error of the court and viewing the record as a whole, we must conclude that the substantial rights of the defendant were affected.

Appellant also attacks the sufficiency of the evidence to support the conviction on Count Two. Suffice it to say in that connection, the evidence in the record before us on Count Two is meager, but in view of our disposition of the case, the Government should not be precluded from pursuing its prosecution on that count in another trial. The court and jury there will have an opportunity to pass upon that evidence.

The case is reversed and remanded for a new trial.