James Henry CARTWRIGHT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7728.

United States Court of Appeals Tenth Circuit.

Aug. 28, 1964.

John R. Trigg, Denver, Colo., for appellant.

Melvin M. Gradert, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant was tried by a jury and convicted on a charge of transporting a forged check in interstate commerce in violation of 18 U.S.C.A. § 2314. Appellant asserts that the trial court erred in denying his motion for acquittal made at the conclusion of all the evidence and further that the verdict is not supported by substantial evidence.

The Government asserted that the appellant on October 11, 1962, transported from El Paso, Texas, to Liberal, Kansas, a check knowing it to be forged. The prosecution sought to prove that the appellant, together with an accomplice who was one of the prosecution's principal witnesses, left El Paso on October 9 or 10, 1962, taking the check in question with them, and traveled by automobile into New Mexico, Texas, and to Liberal, Kansas, where the check was cashed. In addition to the accomplice, who supplied most of the details concerning the charge, other Government witnesses included motel managers in El Paso and Liberal, the grocery store clerk who cashed the check, and a service station owner in the vicinity of Liberal.

The appellant urges on his two principal points that there were disparities and gaps in the Government's case. Appellant argues principally that the accomplice testified that he left the motel in El Paso on October 10, 1962, and that this testimony conflicts with the motel manager's testimony to the effect that he saw appellant in El Paso on the morning of October 11. Appellant further argues that the motel manager in Liberal did not properly identify the appellant and the accomplice, but only identified the automobile in which they were riding. Further, appellant urges that the grocery store clerk who cashed the check did not adequately identify appellant, but only the check which he cashed. Appellant also points out that the three alibi witnesses who testified for the appellant placed him in El Paso during the week in question. In this connection, it should be observed that the offense was committed in October 1962, and that appellant was tried in January 1964. As indicated appellant argues that neither the standards set up in Rule 29 of the Federal Rules of Criminal Procedure nor the general standards regarding the sufficiency of evidence were followed in the trial court.

Rule 29(a) of the Federal Rules of Criminal Procedure, in providing for motions for judgment of acquittal in place of motions for directed verdict, states that such a motion should be granted after the evidence on either side is closed if the evidence is insuffi-

cient to sustain a conviction for the offense charged. In considering the motion for acquittal, the district judge must consider the evidence in the light most favorable to the Government, United States v. Carter, 311 F.2d 934 (6th Cir.), Johnson v. United States, 265 F.2d 496 (4th Cir.), together with the inferences which may be reasonably drawn from the facts. The trial judge taking such a view must then determine whether there is substantial evidence upon which a jury might reasonably base a finding that the accused is guilty beyond a reasonable doubt. The standard is applicable to each of the several elements of the offense. Politano v. United States, 220 F.2d 217 (10th Cir.); McKenzie v. United States, 266 F.2d 524 (10th Cir.); Barnhill v. United States, 96 F.2d 116 (10th Cir.).

From an examination of the record, it is apparent that there was substantial evidence going to each of the elements of the offense. The testimony of the accomplice is in detail and, together with the testimony of the motel managers and the grocery store clerk, provides all of the details that were necessary for the court to have before it in passing upon the appellant's motion for acquittal. This evidence was sufficient to withstand the motion; thus the motion was properly overruled and the issues presented to the jury.

Appellant's second point is that the verdict of the jury was not supported by substantial evidence. The standard to be applied under these circumstances was used by this court in Mims v. United States, 332 F.2d 944 (10th Cir.) 1964; Bragg v. United States, 330 F.2d 44 (10th Cir.); Halfen v. United States, 324 F.2d 52 (10th Cir.). In the latter case it was stated: "Appellant's sole contention on the merits is that the evidence was insufficient to support a finding of unlawful or fraudulent intent * * * In passing upon the sufficiency of the evidence to sustain a conviction, the evidence and the inferences to be drawn therefrom must be viewed in the light most favorable to the prosecution. And,

where the evidence, viewed in this light, falls short of the required standard of proof of the elements of the offense or is as consistent with innocence as it is with guilt or merely raises a suspicion of guilt, the conviction may not stand." Brumbelow v. United States, 323 F.2d 703 (10th Cir.).

An examination of the record reveals that there was detailed and substantial evidence properly before the jury to sustain the verdict. This court is confined to the question of whether, taking the view favorable to the Government, there is substantial evidence to support the verdict and not to weigh conflicting evidence or to test the credibility of witnesses. Cummings v. United States, 289 F.2d 904 (10th Cir.), cert. den. 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed.2d 48; Wilcoxon v. United States, 231 F.2d 384 (10th Cir.); Evans v. United States, 240 F.2d 695 (10th Cir.). In examining the evidence to determine whether it is substantial for the purposes here under consideration, it must clearly do more than raise a suspicion of the existence of the facts sought to be established, or a suspicion of guilt. It cannot establish facts which are consistent both with innocence and with guilt. In making such an evaluation, the evidence must be taken together and as a whole. Corbin v. United States, 253 F.2d 646 (10th Cir.); Evans v. United States, supra; Halfen v. United States, 324 F.2d 52 (10th Cir.); O'Neal v. United States, 240 F.2d 700 (10th Cir.). There is some conflict in the testimony of the Government's witnesses as to the particular day an event occurred, but considering the time which had elapsed between the deeds in question and the trial, and the testimony taken as a whole, this discrepancy does not seem to be unusual. There was also a conflict in the evidence between the appellant's alibi witnesses and the testimony of the Government's witnesses, but it is apparent that the jury did not choose to believe the appellant's witnesses.

As stated in our conclusion as to the first point presented by the appellant,

the record here shows that there was presented to the jury substantial evidence on each point and element of the offense charged, including the transportation of the check with the required intent; consequently the verdict of the jury must stand.

Affirmed.