**UNITED STATES of America,**
**Plaintiff,**

v.

**Patrick James DEMONTIGNY,**
**Defendant.**

**Crim. No. 9240.**

United States District Court
D. North Dakota,
Northeastern Division.

July 25, 1968.

John O. Garaas, U. S. Atty., Fargo, N. D., for plaintiff.

Robert Vaaler, of Stokes, Vaaler, Gillig, Warcup & Woutat, Grand Forks, N. D., for defendant.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

Patrick James Demontigny, the defendant herein, was charged in a one-count indictment of having " * * * unlawfully killed another human being, to-wit: Alfred Wanapi, without malice, in the commission of an unlawful act not amounting to a felony by reckless driving of a motor vehicle upon a highway, carelessly and heedlessly in willful or wanton disregard of the rights and safety of others or without due caution and circumspection and at a speed or in a manner so as to endanger any person or the property of another," a violation of 18 U.S.C.A. § 1112.

During the course of trial which commenced May 27, 1968, the Court reserved decision on the defendant's motion for judgment of acquittal made at the close of all the evidence, Fed.Rules Crim.Proc. rule 29(b), and submitted the case to the jury which returned a verdict of guilty on June 5, 1968.

On June 18, 1968, after having been granted an extension of time, the defendant renewed his motion for judgment of acquittal, together with a motion, in the alternative, for a new trial, Fed. Rules Crim.Proc. rule 33.

In considering the motion for judgment of acquittal the evidence must be considered in the light most favorable to the Government, together with the inferences which may be reasonably drawn from the facts. Taking such a view, it then must be determined whether there is substantial evidence on which a jury might reasonably base a finding that the defendant is guilty beyond a reasonable doubt. This standard is to be applied to each of the several elements of the offense. Apparently the United States Court of Appeals for the Eighth Circuit has adopted this rule. See McClard v. United States, 386 F.2d 495 (8th Cir. 1967), dissenting opinion of Judge Lay at p. 509, wherein he states:

"In Gregory v. United States, 365 F. 2d 203, 205 (8 Cir.1966), we pointed out that there is no separate rule for circumstantial evidence, and affirmed a conviction on the grounds that substantial evidence tending to prove guilt beyond a reasonable doubt was introduced. It would appear that we have adopted the rule in conformity with the majority of other circuits that where reasonable minds can find substantial evidence on each element of the offense tending to show the accused to be guilty beyond a reasonable doubt, courts should sustain a conviction."

The evidence in this record, viewed in the light most favorable to the Government, reveals that Alfred Wanapi was killed on the afternoon of July 15, 1967,

apparently struck by a motor vehicle while walking on a gravel road within the exterior boundaries of the Turtle Mountain Indian Reservation, in the District of North Dakota. Demontigny, who had been drinking but was not intoxicated, had driven past the point at which Wanapi's body was later found and had stated to two people that he had struck something while traversing a curve in the road. An examination of his pick-up truck revealed dents in the fender on the right side. The inference which might reasonably be drawn from these facts is that the defendant, while driving his pick-up truck, struck and killed Alfred Wanapi and the jury apparently so found.

There remains to be considered, however, whether there is substantial evidence in the record upon which the jury could reasonably base a finding that the accused killed Alfred Wanapi *"in the commission of an unlawful act not amounting to a felony"* (emphasis supplied), an essential element of the crime charged.

 While the Government admits that there is no direct evidence to support a finding that the accused was in the commission of a crime at the time Alfred Wanapi was killed, it is the Government's position that " * * * the striking of a human body on a clear stretch of the highway during the daytime with good road conditions when the Defendant had obviously been drinking would be an act of reckless driving without any doubt."

This conclusion amounts to nothing more than mere conjecture, speculation, and suspicion of guilt; it falls far short of the required standard of proof necessary to establish all of the elements of the offense charged in the indictment. The evidence must clearly do more than raise a suspicion of the existence of the facts sought to be established, or a suspicion of guilt. Cartwright v. United States, 335 F.2d 919 (10 Cir.1964).

The prosecution not having adduced substantial evidence, viewed in the light most favorable to the Government, upon which a jury might reasonably base a finding that the accused is guilty beyond a reasonable doubt, the verdict of the jury entered herein on June 5, 1968, must be and it is hereby vacated and the motion of the defendant for judgment of acquittal must be, and is granted.

The defendant Patrick James Demontigny is acquitted of the charge alleged in the indictment, and his bail is ordered exonerated.