**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dory AUERBACH, Irving Gottlieb, and David Prosser Randell, Defendants-Appellants.**

**No. 26343.**

United States Court of Appeals Fifth Circuit.

Dec. 9, 1969.

Robert Orseck, Podhurst & Orseck, Miami, Fla., for appellants Auerbach and Gottlieb.

Joseph J. Lyman, Washington, D. C., for appellant Randell.

William A. Meadows, Jr., U. S. Atty., William A. Daniel, Jr., Robert L. Steuer,

Asst. U. S. Attys., Miami, Fla., for appellee.

Before WISDOM, GEWIN and AINSWORTH, Circuit Judges.

PER CURIAM:

This appeal presents the following questions: (1) Is the indictment charging defendants-appellants with violating the Federal Mail Fraud Statute, § 1341 of Title 18, U.S.C., so vague and indefinite as to deprive the defendants of their rights under the fifth and sixth amendments, and Rule 7(c) of the Federal Rules of Criminal Procedure? (2) Were the defendants denied their sixth amendment right to a speedy trial? (3) Was the evidence sufficient to sustain the conviction of the defendant Gottlieb? We hold that the Constitutional rights of the defendants were not violated and that the record affirmatively reflects evidence beyond a reasonable doubt to sustain the conviction of Gottlieb. The judgment of the district court is affirmed.

The defendants were charged in a twenty-two count indictment for violation of the Federal Mail Fraud Statute, § 1341 of Title 18, U.S.C., involving certain real estate transactions. The indictment was returned by an Arizona Grand Jury March 14, 1963, approximately four years and eleven months before trial of the defendants. Before trial the defendants sought to dismiss the indictment on the grounds that: (1) the indictment failed to contain the elements of the crime so as to apprise them of what they must be prepared to encounter and (2) the defendants were deprived of their sixth amendment right to a speedy trial. The motion was denied. The case was tried without a jury and the defendants were found guilty on all counts. The district court denied their motions to dismiss at the conclusion of the Government's case and for judgment of acquittal at the close of all the evidence.

I.

■ The United States Constitution supports the historical view that "the formality, certainty, and verbal precision required in an indictment has always been one of the most salient characteristics of English criminal procedure". 3 Holdsworth, History of English Law 616 (3d ed. 1926). *See also* Ex parte Wilson, 1885, 114 U.S. 417, 5 S.Ct. 935, 29 L.Ed. 89. The fifth amendment states that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury * * *." The sixth amendment guarantees that "In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation * * *." These constitutional provisions and Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., must be read as intending that the indictment shall cover all essential elements in the offense. *See* United States v. Debrow, 1953, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92.

■ The defendants correctly assert that their indictment must cover the elements of a violation of § 1341. In Adjmi v. United States, 5 Cir.1965, 346 F.2d 654, 657, *cert. denied*, 382 U.S. 823, 86 S.Ct. 54, 15 L.Ed.2d 69, this Court stated that these elements are (1) a scheme to defraud and (2) use of the mails to effect this scheme.

■ The indictment in this case clearly alleges both of these elements. The indictment conforms in all respects to the offense under the statute. Short of pleading evidence, which is not required, we do not see how an indictment could possibly be more specific than the one involved here. In oral argument, counsel for the defendants conceded that this indictment was more specific than any he had observed. The indictment adequately protected these defendants against any surprise from the proof presented by the Government. *See* Estes v. United States, 5 Cir.1964, 335 F.2d 609, 619, *cert. denied*, 1965, 379 U.

S. 964, 85 S.Ct. 656, 13 L.Ed.2d 559. *See also* United States v. Grayson, 5 Cir.1969, 416 F.2d 1073 and James v. United States, 5 Cir.1969, 416 F.2d 467.

■ Contrary to the defendants' contention, the Government's Bill of Particulars did not supplement or change or affect the indictment. *See* Pipkin v. United States, 5 Cir.1957, 243 F.2d 491.

### II.

The defendants contend that the delay between the return of the indictment and the commencement of the trial constitutes a denial of their Sixth Amendment right to a speedy trial.

In the present case the indictment was returned in Arizona. The defendants successfully moved the Arizona District Court, under Rule 21(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., for a change of venue to the Southern District of Florida. Subsequently, the Florida District Court retransferred the case to Arizona. The defendants attempted, unsuccessfully, to stay the retransfer by appeals to this Court and to the United States Supreme Court and by a mandamus action to this Court. They succeeded however, in moving the Arizona District Court to return the case to the Southern District of Florida.

The Government properly decided to bring the indictment in Arizona. The business activities of the appellants occurred in Kingman, Arizona. The mailing and receiving of correspondence all occurred in Kingman.

■ The factors to consider in determining whether a defendant has been deprived of his Sixth Amendment right to a speedy trial are: (1) the length of the delay (2) the reasons for the delay (3) the prejudice suffered by the defendant and (4) whether the defendant has waived his right. The record affirmatively discloses that the delays in this case were not caused by any arbitrary, capricious, vexatious, oppressive, deliberate, or negligent conduct on the part of the Government. Similarly, the appellants have suffered no serious prej-udice as a result of the delays which did not ensue from the ordinary and inevitable delays.

■ The defendants' assertion that the failure to demand the right to a speedy trial should not constitute a waiver of that right is not to be lightly dismissed. A waiver of one's constitutional right cannot be inferred from a silent record, and the courts must indulge in every reasonable presumption against a waiver of a fundamental constitutional right. Johnson v. Zerbst, 1930, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461. *See* Klopfer v. North Carolina, 1967, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1.

■ The record, however, affirmatively indicates that the appellants repeatedly sought the aid of both the Florida and Arizona District Courts, this Court, and the United States Supreme Court in asserting both their constitutional and statutory rights. Having sought the aid of the judicial process and realizing the deliberateness that a court employs in reaching a decision, the defendants are not now able to criticize the very process which they so frequently called upon.

### III.

■ In considering Gottlieb's motion for judgment of acquittal, the district judge must consider the evidence in the light most favorable to the Government. Blachly v. United States, 5 Cir.1967, 380 F.2d 665. McFarland v. United States, 5 Cir.1960, 273 F.2d 417. It must also consider all the inferences that may reasonably be drawn from the facts. Cartwright v. United States, 10 Cir.1964, 335 F.2d 919.

■ The district judge, sitting as the trier of fact, found that the evidence was sufficient to show beyond a reasonable doubt that Gottlieb participated in the scheme to defraud. The Government introduced competent, credible testimony to establish the working relationship of Gottlieb with Auerbach and Randell and

Gottlieb's knowledge of the scheme and his participation in it. The Court properly denied Gottlieb's motion for judgment of acquittal.

The judgment is affirmed.