Donald Dean **LEWIS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 481–69.

United States Court of Appeals
Tenth Circuit.

Jan. 28, 1970.

A. Camp Bonds, Jr., of Bonds, Matthews & Mason, Muskogee, Okl., for appellant.

Clifford K. Cate, Jr., Asst. U. S. Atty., Muskogee, Okl. (Richard A. Pyle, U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

Appellant Lewis was tried and convicted by a jury for having transported a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312. At trial the issue was whether the car was stolen prior to its being transported across the Arkansas-Oklahoma border. On direct appeal Lewis argues, inter alia, that the evidence was insufficient to convict.

In weighing the evidence to determine sufficiency, we are required to view the evidence most favorable to the prosecution to ascertain if there is sufficient direct and circumstantial evidence, along with all reasonably drawn inferences, from which the jury could find guilt beyond a reasonable doubt.[1] To be sufficient, the conviction evidence must be substantial.[2] In examining the evidence to determine whether it is substantial for purposes under consideration, it must do more than merely raise a suspicion of the existence of the facts sought to be proved; there must be more established than a mere suspicion of guilt. Cartwright v. United States, 335 F.2d 919 (10th Cir. 1964). And, conviction cannot be based upon evidence

1. United States v. Bourassa, 411 F.2d 69 (10th Cir. 1969); Bailey v. United States, 410 F.2d 1209 (10th Cir. 1969); Thomas v. United States, 409 F.2d 730 (10th Cir. 1969); McGee v. United States, 402 F.2d 434 (10th Cir. 1968); Cartwright v. United States, 335 F.2d 919 (10th Cir. 1964).

2. Williams v. United States, 368 F.2d 972 (10th Cir. 1966); Cartwright v. United States, 335 F.2d 919 (10th Cir. 1964); Sandoval v. United States, 285 F.2d 605 (10th Cir. 1960); Corbin v. United States, 253 F.2d 646 (10th Cir. 1958).

which is consistent with both innocence and guilt. Brumbelow v. United States, 323 F.2d 703 (10th Cir. 1963).

■ Applying these controlling principles to the evidence of the instant controversy, the following is revealed. Lewis, a resident of Muldrow, Oklahoma, was a mechanic employed in a Ft. Smith, Arkansas, garage. The garage was located on the west side of Ft. Smith, about six blocks from the Oklahoma line. Sometime in early November, 1968, one Nowotny, the owner of the car in question, needed repair work done on his 1959 Ford car and engaged the garage where appellant was employed to do the work. The shop foreman gave Lewis the job and within a week or so a new engine was installed. On or about November 9, the day in question, the work was completed and Lewis drove the 1959 Ford out of the garage, across the state line and a distance of about nine miles to his home in Muldrow, Oklahoma. Why appellant crossed the state border is the subject of dispute. The United States argues that Lewis intended to drive the car to Muldrow to "show off" and drag race. Appellant testified that he originally intended to road test the car on the most available and desirable highway, the Ft. Smith to Muldrow road. All other highways were more distant and less desirable than the one he chose. After testing the car he decided to go on the few miles to Muldrow to get someone to follow him to Ft. Smith and give him a ride home, as he had no car at the garage. In Muldrow Lewis talked with two friends, Palmer and Wheeler. The first had no vehicle and the latter, after a drag race and minor accident, declined to do the favor. In both cases appellant represented that he owned the car, but later relented and stated that it was one he was working on at the garage. Subsequently the vehicle had a mechanical malfunction and ceased to operate. The car was in Oklahoma and Lewis called the foreman for instruc-

tions. The foreman fired Lewis and went after the car himself. In a nutshell, this was the prosecutor's evidence plus appellant's testimony.

To sustain this conviction under the Dyer Act, the Government must have proved that the vehicle was stolen, that it was transported in interstate commerce, and that the accused transported the vehicle with knowledge that it was stolen.[3] The element of greatest concern to the trial court at the close of the Government's evidence and that which presently concerns this court is the absence of evidence on the "stolen" car issue. " 'Stolen' as used in 18 U.S.C. § 2312 includes all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny." United States v. Turley, 352 U.S. 407, 417, 77 S.Ct. 397, 402, 1 L.Ed.2d 430 (1957). The only testimony bearing on whether or not the car was stolen was the circumstantial evidence tendered by those who saw Lewis on the evening of November 9. It was from those acts related that the prosecutor sought to infer the existence of an intent to steal the vehicle prior to crossing the Arkansas-Oklahoma border six blocks from the garage.

A review of the entire record does not bring to the surface a tender of substantial evidence which, as a matter of law, would be sufficient upon which to base a conviction. The proof offered is not substantial in establishing a felonious taking or an intent to deprive. The testimony of the garage foreman will not support the weight of the conviction because it, just as the other testimony, is equally consistent with innocence as guilt. He testified of no recollection about giving permission to drive the car on the day in question. He did recall, however, that Lewis worked on the car that day and that the general practice

3. Thomas v. United States, 409 F.2d 730 (10th Cir. 1969); Wheeler v. United States, 382 F.2d 998 (10th Cir. 1967);   Allison v. United States, 348 F.2d 152 (10th Cir. 1965).

was to road test a car after a major job was performed on it. This is not substantial evidence which will support a conviction; it raises a mere suspicion. It could be inferred from all the other evidence that Lewis formed a prior intent to steal the car. But there is an equally logical and consistent inference that the trip began as a legitimate road test and concluded as something less. At most the evidence adduced at trial shows there *could* have been a felonious taking and that the intent *might* have been extant.

Upon the entire record we believe the facts and inferences drawn from those facts are not consistent with guilt and inconsistent with innocence; rather the permissible inferences on the "stolen" car issue are as consistent with innocence as with guilt, causing the verdict to fail under the substantial evidence test. Because of the legal insufficiency of the evidence proffered to establish the vehicle as stolen, the jury should never have been required to speculate on the guilt or innocence of Lewis and the motion for a judgment of acquittal made at the close of the evidence should have been sustained.

Upon these circumstances the conviction cannot stand and we accordingly reverse.