**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Raymond Charles KEINE, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Louis John KREGAS, Defendant-Appellant.**

**Nos. 608, 609–69.**

United States Court of Appeals, Tenth Circuit.

April 15, 1970.

F. Richard Hite, Denver, Colo., for appellant Keine.

Earl August Hauck, Denver, Colo., for appellant Kregas.

Gordon L. Allott, Jr., Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., and Milton C. Branch, Asst. U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and HILL and HICKEY, Circuit Judges.

MURRAH, Chief Judge.

Keine and Kregas were convicted by a jury in the District of Colorado of violating 21 U.S.C. Section 331(q) (2) by the delivery of a depressant or stimulant drug to Robert LaBree, a government agent. On appeal, both Keine and Kregas contend that the evidence is wholly insufficient to sustain the convictions. Kregas alone asserts that (1) the indictment fails to state an offense and is not sufficiently specific to enable him to present an adequate defense, (2) the trial court committed error in allowing the government to reopen its case and (3) the trial court committed error in permitting Jeffery Armstrong to testify. We affirm.

■■ We first direct our attention to the errors urged by Kregas only. The indictment alleges that on March 11, 1969, in the District of Colorado, Jeffery Hurt Armstrong, Raymond Charles Keine, Louis John Kregas and Bonnie Lee Newman delivered a depressant or stimulant drug to Robert LaBree in violation of 21 U.S.C. Section 331(q) (2). We have very recently said that this statute is violated by the delivery of a depressant or stimulant drug. Tritt v. United States, 421 F.2d 928 (10th Cir. 1970). The indictment alleges such an act, and it is sufficient to state an offense under the statute. If Kregas desired additional specificity in order to prepare his defense, he could have moved for a bill of particulars under Rule 7, Fed.R.Crim.P. He did not, and his failure waives that privilege. Phillips v. United States, 406 F.2d 599 (10th Cir. 1969).

■ Kregas next urges that the trial court erred in permitting the prosecution to reopen its case for the purpose of introducing in evidence the drug allegedly delivered to LaBree. The government first presented expert testimony relating

to the chemical composition of the drug. A chain of custody was established from the time of seizure of the drug until the time it was brought into court. The jury heard testimony concerning the article and saw it. The only thing remaining to be done before the drug was admissible in evidence was for the prosecution to offer it. Nothing in the record indicates that the government's failure to do so was the product of anything other than mere inadvertence. Under these circumstances, we are unable to say that the trial court abused the wide discretion committed to it with respect to permitting a party to reopen after resting. Massey v. United States, 358 F.2d 782 (10th Cir. 1966), cert. denied 385 U.S. 878, 87 S.Ct. 159, 17 L.Ed.2d 105.

■ Kregas' argument that the testimony of Jeffrey Armstrong was improperly admitted is based on the asserted inadequacy of Armstrong's representation when he testified. After Armstrong pleaded guilty to this offense, the government called him as a witness in this case, and in the absence of his regular counsel Judge Doyle appointed another attorney to advise Armstrong during his testimony. As we understand Kregas' argument it is to the effect that if Armstrong had been represented by his regular attorney he would not have given testimony allegedly prejudicial to Kregas.

■ The answer is that Kregas may not challenge the adequacy of Armstrong's representation. That is for Armstrong. If Kregas felt that Armstrong's testimony was improper, the correct course of action was to move that it be stricken from the record. This was not done. And Kregas may not now attack the testimony on the basis that the witness was not adequately represented by counsel.

■ We come now to the review of the sufficiency of the evidence in the light of the trial court's instructions which were not objected to and thus come to us as the law of the case. United States v. Winn, 411 F.2d 415 (10th Cir.

1969). Neither Keine nor Kregas dispute that the article delivered by Armstrong to LaBree was a depressant or stimulant drug within the meaning of the statute. They contest only the sufficiency of the evidence to prove their complicity with Armstrong in the delivery.

After instructing the jury on the essential elements of the offense, the court defined delivery as an actual, physical delivery. But the court also told the jury that to convict it was not necessary for the defendants to have done the actual act if the jury found that they were aiders, abettors, counsellors, inducers or procurors of the offense. The jury was then told that the element of intent must be derived from the basic facts and that the defendants were presumed innocent until each element of their guilt had been established beyond a reasonable doubt.

A summary of the evidence in the light most favorable to the government reveals the following. Robert LaBree is a supervisor with the Federal Bureau of Narcotics and Dangerous Drugs. He left Arvada, Colorado, on March 11, 1969, with Jeffery Armstrong, Bonnie Newman and another government agent, Arthur Sadillo. En route to Estes Park, Colorado, the group stopped for gas at Boulder, Colorado. Armstrong had on a shirt and trousers but no coat. LaBree "looked him over" for weapons and observed no bulges on his person. LaBree and the others arrived at Estes Park about 11:15 P.M. Armstrong left the car, a Volkswagen, and made a telephone call. About ten minutes later, Keine and Kregas arrived in another car, a Lincoln. Keine was driving, and he motioned for Armstrong to get out of his car.

Armstrong walked over to the car in which Keine and Kregas were, spoke briefly and returned to the Volkswagen. Armstrong then went back to the Lincoln, entered it, and the car was driven out of sight. Keine, Kregas and Armstrong returned about five minutes later in the Lincoln. Armstrong got out, walked to the Volkswagen, took a clear

plastic bag containing brownish powder out of his pocket and handed it to LaBree. LaBree placed Armstrong and Newman under arrest, got out of the Volkswagen and approached the Lincoln, identified himself as a federal agent and placed Keine under arrest. Keine gunned the engine, but the car's wheels spun on the ice. LaBree then took command of the car and arrested Keine and Kregas.

The standard of evidentiary review in a criminal case is well settled in this circuit and elsewhere. The evidence must be reviewed in the light most favorable to the government to ascertain if there is sufficient evidence, direct and circumstantial, together with the reasonable inferences to be drawn therefrom, from which the jury may find the defendant guilty beyond a reasonable doubt. Lewis v. United States of America, 420 F.2d 1089 (10th Cir. 1970). In order to be sufficient, the evidence must be substantial, i. e. it must do more than raise a mere suspicion of guilt.

■  The application of that standard to the evidence in this case convinces us that the convictions must be affirmed. The finding of guilt is permissible from the evidence relating to the delivery of the drug to LaBree coupled with the circumstances of the meeting between Armstrong and Keine and Kregas immediately preceding the delivery. i. e. Armstrong made a telephone call soon after arriving with LaBree at Estes Park. Keine and Kregas arrived at the delivery scene within minutes of the call, Armstrong spoke with them and left in their company. Armstrong, Keine and Kregas returned to the delivery scene within five minutes, and Armstrong handed the drug to LaBree. Under the law of the case as set forth in the trial court's instructions this evidence, together with the reasonable inferences to be drawn therefrom, was sufficient to enable the jury to find beyond a reasonable doubt that Keine and Kregas aided and abetted Armstrong in the delivery of the drug to LaBree.

Affirmed.