UNITED STATES of America,
Plaintiff-Appellee,

v.

Louis HAROLD, Jr., Defendant-Appellant.

No. 28240.

United States Court of Appeals,
Fifth Circuit.

April 24, 1970.

Rehearing Denied and Rehearing En
Banc Denied June 1, 1970.

Joseph Calamia, El Paso, Tex., for defendant-appellant.

Louis Harold, Jr., pro se.

Seagal V. Wheatley, U. S. Atty., Warren N. Weir, Jeremiah Handy, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, AINSWORTH, and CLARK, Circuit Judges.

PER CURIAM:

Louis Harold, Jr. appeals from his conviction for unlawfully importing and facilitating the transportation and concealment of more than one ounce of heroin in violation of 21 U.S.C. § 174. On appeal, the defendant-appellant argues (1) that comments by the Assistant United States Attorney during his jury argument, although not objected to, constituted plain error, thus denying the defendant-appellant a fair trial; (2) that his sixth amendment right to a speedy trial was violated as a result of a six month delay between the arrest and the trial; (3) that he was denied effective assistance of counsel; and (4) that the government used an alleged constitutionally infirm conviction, failure of a narcotic user to register under 18 U.S.C.

722

§ 1407, to impeach the credibility of the defendant-appellant. We affirm.

The appellant complains of various comments the Assistant United States Attorney made with respect to the testimony of certain witnesses and the weight to be accorded to the evidence in determining the guilt or innocence of the accused. We have carefully reviewed that portion of the transcript with respect to the government's closing arguments, and with the added advantage of judicial hindsight, conclude that the Assistant United States Attorney's comments were well within the constitutional bounds prescribed in Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 and do not constitute plain error.

The appellant's argument that his sixth amendment right to a speedy trial was violated is without merit. The defendant was arrested on January 17, 1969, and indicted on April 4, 1969. He moved to dismiss the indictment on June 30, 1969. The district court based this denial upon the finding that the delay had neither been inordinately wrong nor prejudicial to the defendant. He was tried on July 14. In view of the standards prescribed by this Court in United States v. Auerbach, 5 Cir.1969, 420 F.2d 921, the defendant was not denied his right to a speedy trial.

Contrary to the appellant's assertion that he has been denied the effective assistance of counsel, we find, as did the district court, that the appellant's lawyer faithfully and diligently discharged his obligation to insure that the appellant was afforded a fair trial. The trial defense afforded the appellant was not a mockery. It was not a farce. It does not shock the conscience of the court. Odom v. United States, 5 Cir. 1967, 377 F.2d 853.

The appellant's last argument focuses on the government's use of an alleged constitutionally infirm conviction to impeach his credibility. At the trial, the defendant-appellant chose to take the stand and testify on his own behalf. On direct examination the defendant-appellant admitted that he had previously been convicted of a felony. On cross-examination the government elicited the additional fact that the appellant had *four* prior felony convictions including the conviction for violating 18 U.S.C. § 1407. Thus the appellant already stood impeached on the basis of his three prior felony convictions.

We have carefully considered the entire record and the probable effect of the alleged error. In the light of all the evidence, we conclude that the substantial rights of the appellant were not so adversely affected as to require reversal of the judgment below. F.R.Cr.P. 52(a). See Johnson v. United States, 1943, 318 U.S. 189, 63 S.Ct. 549, 87 L. Ed. 704 (concurring opinion). See also United States v. Garafolo, 7 Cir.1967, 385 F.2d 200; Wright v. United States, 10 Cir.1962, 301 F.2d 412.[1]

The judgment of the district court is affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

[1] We do not mean to imply however, that an alleged constitutionally infirm conviction, standing alone, which is used to impeach the credibility of a defendant, cannot form the basis for reversal of a conviction. We hold only that in the circumstances of this case it was harmless error.