UNITED STATES of America,
Plaintiff-Appellee,

v.

Lewis C. BUTLER et al., Defendants-Appellants.

Nos. 608–70–616–70.

United States Court of Appeals,
Tenth Circuit.

July 27, 1971.

Rehearing Denied Sept. 20, 1971.

Hubert H. Bryant, Asst. U. S. Atty., Tulsa, Okl. (Nathan G. Graham, U. S. Atty., and Karen L. Atkinson, Atty., Dept. of Justice, with him on the brief), for appellee.

John W. Young, Denver, Colo. (Lamm & Young, Denver, Colo., on the brief), for appellants Gilbert, Stanford E. Johnson, Moore and Napier.

Irvine E. Ungerman, Tulsa, Okl. (Manuel Grabel, Maynard I. Ungerman, William Leiter and E. P. Litchfield, Tulsa, Okl., with him on the brief), for appellants Butler, Howe, Madden and Page.

Elmore A. Page, Tulsa, Okl., for appellant Joe Bleaker Johnson.

Before PHILLIPS, MURRAH and HOLLOWAY, Circuit Judges.

MURRAH, Circuit Judge.

The defendants appeal from judgments entered upon convictions following a jury trial in the Northern District of Oklahoma for (1) conspiring to traffic in Heroin in violation of 21 U.S.C. § 174 and (2) conspiring to sell and exchange Heroin without a written order form required by 26 U.S.C. § 4705(a) in violation of 26 U.S.C. § 7237(b). Various errors are charged including the denial of a change of venue, the admission of certain testimony, the giving and refusing of certain instructions, alleged prejudice of the trial judge and sufficiency of the evidence as to each and all of the defendants.

### I. Change of Venue

A change of venue was sought on the ground of wide and extensive prejudicial news coverage of the break-up of an alleged narcotics ring and the arrest of the defendants in the Northern District. Attached to the motion were two newspaper stories, one appearing in the Tulsa Tribune on February 26, 1970, the other appearing in the Oklahoma Eagle on March 5, 1970.

Judge Barrow overruled the motion initially, but at trial time Judge Bohanon announced that if counsel cared to raise the issue again he would entertain it. Counsel offered no additional evidence in support of the motion, and we do not

think the defendants carried their burden under Rule 21(a), Federal Rules of Criminal Procedure, of "[demonstrating] inability to obtain a fair and impartial trial anywhere the court might lawfully sit within the district." Jones v. Gasch, 131 U.S.App.D.C. 254, 404 F.2d 1231, cert. denied, 390 U.S. 1029, 88 S.Ct. 1414, 20 L.Ed.2d 286. See also Wheeler v. United States, 382 F.2d 998 (10th Cir.); Colosacco v. United States, 196 F.2d 165 (10th Cir.).

## II. Admission of Testimony of Jones and Folsom

■ Alleged co-conspirators Jones and Folsom were permitted over vigorous objection to testify concerning the participation of various defendants in the operation of the alleged conspiracy. The testimony was objected to on the ground that it was given after the conspiracy ended and hence did not come within the rule that admissions of a co-conspirator made during the course of the conspiracy and in furtherance of the conspiracy are admissible in evidence against all of the conspirators. See Cleaver v. United States, 238 F.2d 766 (10th Cir.); and Gay v. United States, 322 F.2d 208 (10th Cir.).

The challenged testimony of Jones and Folsom was not hearsay at all. Rather, it was direct testimonial evidence by two of the co-conspirators as to matters occurring during the period of the conspiracy and with full opportunity for cross-examination by each of the defendants. Good v. United States, 410 F.2d 1217 (5th Cir.). Cf. Glazerman v. United States, 421 F.2d 547 (10th Cir.), cert. denied, 398 U.S. 923, 90 S.Ct. 1817, 26 L.Ed.2d 90.

## III. Testimony of Ernest Palmer Brown

■ The government called as one of its principal witnesses Ernest Palmer Brown. After his examination had continued for a time, the District Court permitted the government to treat Brown as a hostile witness and to impeach him with a written statement given to government agents prior to trial. The defendants argue that it was highly prejudicial to admit the statement in the absence of an instruction to the jury that the statement was to be considered for impeachment purposes only and not as evidence. True, the trial court initially refused the requested instruction. On the following day, however, Judge Bohanon told the jury "that the statement was admitted in evidence for the sole purpose of impeachment of the witness, and not as to the truth of the statement itself." This admonition was repeated in substance in the instructions at the close of trial, and the statement did not go to the jury. This is all that was requested and no valid complaint can be made of it.

## IV. Instructions

Defendant Page objected without specification to the giving of Instruction 21 dealing with the distinction between motive and intent. The point of error is that the jury was not told that they could consider Page's common law marriage to defendant Howe in judging her intent to unlawfully conspire. The argument seems to be that her conjugal relationship with Howe subordinated her will to his and thus deprived her conduct of any culpability.

■ This contention is without merit. The instruction was in the abstract without any discernible application to the theories upon which guilt or innocence was to be determined. It had no specific application to any particular defendant. In any event there was no evidence even remotely indicating that Page's common law marriage motivated her conduct or in any way affected her intent to engage in what the jury has found to be an unlawful conspiracy.

■ Instruction 8 is attacked on two grounds. First, that it violated the privilege against self-incrimination by informing the jury that the fact of possession of a narcotic drug, "unless explained to the satisfaction of the jury by the evidence," permitted the inference that the drug had been illegally imported and

that the party in possession had knowledge of the illegal importation. Defendants concede, however, that an instruction to this effect does not violate the privilege if it uses the terminology "unless the defendant explains the possession." Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). A fortiori, the language of Instruction 8 was not erroneous, since it was more favorable to the defendants than the language approved in *Turner*, i. e. it omits any reference to the defendant explaining possession and refers only to the evidence.[1]

■ Conceding the correctness of Instruction 8 under the teaching of *Turner*, defendants say that it is permissible in a prosecution for the substantive offense but impermissible in a prosecution on the conspiracy count, i. e. there is no rational relation between possession and conspiracy. Defendants clearly misconstrue the purpose of the instruction. 21 U.S.C. § 174(1) defines certain substantive offenses relating to drugs illegally imported into the United States and (2) makes it unlawful to conspire to commit the substantive offenses. Knowledge of illegal importation is indeed an essential element of the substantive offenses and in order to conspire to commit the substantive offenses the conspirator must necessarily have knowledge of illegal importation. Mason v. United States, 383 F.2d 107 (10th Cir.). Thus, knowledge of the importation is an essential element of the conspiracy and is as provable in a conspiracy prosecution by the permissible inference as it is in a substantive prosecution. It follows that Instruction 8 was proper.

■ Defendants object to the giving of Instruction 15 (Membership in Conspiracy) and 16 (Overt Acts) and the failure of the trial court to substitute Requested Instructions 1 and 2. We have considered Instructions 15 and 16 and the changes suggested by the requested instructions. It is sufficient to state that the instructions given fully covered the law on those issues. The trial court was under no obligation to substitute the proposed instructions for its own correct ones.

■ In conclusion the jury was told that "if the accused be proved guilty, then say so by your verdict." Defendants urge that it was reversible error to give the instruction without the qualifying phrase "beyond a reasonable doubt." The District Court fully and completely instructed on the presumption of innocence and the necessity of proof of guilt beyond a reasonable doubt. Taking the instructions as a whole as we must, we find no reversible error in Instruction 24. This also disposes of defendants' contention that error was committed in refusing to give Defendants' Requested Instruction 3.

## V. Prejudicial Conduct of the Trial

Read in its entirety, the record reveals no support for the contention that the conduct of the trial judge prejudiced the defendants in the eyes of the jury.

## VI. Sufficiency of the Evidence— Count I

The standard of evidentiary review in a criminal case is well settled, i. e. the evidence must be viewed in the light most favorable to the government to ascertain if there is sufficient evidence, direct and circumstantial, together with the reasonable inferences to be drawn therefrom, from which the jury may find the defendant guilty beyond a reasonable doubt. Lewis v. United States, 420 F.2d 1089 (10th Cir.); United States v.

---

1. Indeed, in an analogous situation the Supreme Court has said that it is the better practice to omit any reference to the statute and instruct the jury that they may draw the inference "unless the evidence in the case provides a satisfactory explanation." United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1964). See also United States v. Nuccio, 373 F.2d 168 (2d Cir.), cert. denied, 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 623, and United States v. Armone, 363 F.2d 385 (2d Cir.), cert. denied, Viscardi v. United States, 385 U.S. 957, 87 S.Ct. 391, 17 L.Ed.2d 303. Judge Bohanon clearly followed the "better practice."

Keine, 424 F.2d 39 (10th Cir.). And in order to be sufficient, the evidence must do more than raise a mere suspicion of guilt. United States v. Keine, supra.

 In a conspiracy prosecution, the critical inquiry is as Judge Pickett has said for this court whether "the circumstances, acts and conduct of the parties are of such character that the minds of reasonable men may conclude therefrom that an unlawful agreement exists." Jones v. United States, 251 F.2d 288 (10th Cir.). See also Jones v. United States, 365 F.2d 87 (10th Cir.); Jordan v. United States, 370 F.2d 126 (10th Cir.); Nolan v. United States, 423 F.2d 1031 (10th Cir.). And as to each defendant the evidence must be reviewed to determine whether, with knowledge of the conspiracy, he intentionally committed an overt act in furtherance of it. Direct Sales Co. v. United States, 319 U.S. 703, 63 S.Ct. 1265, 87 L.Ed. 1674 (1943). Intent cannot exist without knowledge. Direct Sales Co. v. United States, supra. And it is relevant to a finding of knowledge, and from knowledge intent, that the alleged conspiracy in this case concerned the purchase and distribution of a contraband drug, i. e. Heroin. See 18 U.S.C. § 1402.

 Viewing the evidence in the light most favorable to the government it reveals that a narcotics ring, under the direction of Troy Beck, engaged in the purchase and sale of Heroin in Tulsa, Oklahoma. The evidence shows that at various times Beck sent alleged co-conspirators Moore and Joe Bleaker Johnson and government witness Jones to Los Angeles, California, to purchase Heroin; that purchases were made from alleged co-conspirators Howe and Napier; that at the time of one of these purchases Howe and Napier advised Jones that if Heroin were regularly purchased from them they would reduce the price from $350 an ounce to $300 an ounce; that Howe made a trip to Tulsa in order to make good on some bad Heroin. The government proof shows that the procedure upon return of the Heroin to Tulsa was to cap portions of it for sale and deliver it to alleged co-conspirator Gilbert and government witness Brown for distribution. The proof adduced further reveals that portions of the Heroin were paid for by money orders and that Beck sent money orders to co-defendants Butler and Page and that co-defendants Gilbert and Joe Bleaker Johnson sent money orders to co-defendant Page during the existence of the alleged conspiracy. Documentary evidence was introduced concerning many telephone calls between numbers attributed to or listed in the names of various co-defendants. This is a general outline of the proof introduced by the government. The precedential value of this opinion would not be strengthened by stating in detail the facts concerning each defendant. Suffice it to say, we have read the record in its entirety and examined the proof as to each co-defendant in accordance with the accepted standards of evidentiary review. The evidence is so tenuous as to Butler, Madden and Stanford E. Johnson that their convictions must be reversed. As to Gilbert, Howe, Joe Bleaker Johnson, Napier, Moore and Page, the evidence is direct and positive as to their complicity in the conspiracy and their convictions are affirmed.

### VII. Sufficiency of the Evidence—Count II

The same proof as introduced on Count I applies to Count II; however, the defendants make two additional attacks on the sufficiency of the evidence as to Count II not applicable to Count I.

 Count II alleged a conspiracy to sell and give away Heroin without the order form required by statute. The defendants first contend that the order form requirement of the statute does not apply since Heroin is a contraband drug. We cannot agree. The statute plainly applies to various drugs including Heroin. 26 U.S.C. §§ 4701, et seq. Accord: Chisum v. United States, 421 F.2d 207 (9th Cir.).

Secondly, the defendants contend that the evidence is insufficient to show "that the failure of [the purchasers of Heroin] to have the written order form from

the Secretary of the Treasury had anything to do with the alleged conspiracy, or that any of the alleged co-conspirators even considered the order form." In support of this proposition Jones v. United States, supra, is cited. Counsels' reliance on this cited case is misplaced.

*Jones* involved a prosecution on a two-count indictment alleging (1) conspiracy to import intoxicating liquor into the dry State of Oklahoma and (2) conspiracy to carry on the business of wholesale and retail liquor dealers without paying the special tax required by statute. As to the latter count, the court held the evidence insufficient to support a guilty inference "that the failure to pay the statutory tax for carrying on the business of wholesale or retail liquor dealers had anything to do with the conspiracy or was even considered at any time by the conspirators." Defendants would have us hold that the quoted language is authority for the proposition that proof of a conspiracy to deal in a contraband drug does not permit an inference that the conspirators would sell the goods without the order form required by statute.

Count II in *Jones* fell because as the court held the evidence established only a conspiracy to import liquor into a dry state and did not establish a conspiracy to carry on the business of a wholesale or retail liquor dealer in the dry state. Our case is clearly distinguishable. The evidence shows that certain of the defendants conspired to engage in the illegal purchase and sale of a contraband drug, i. e. Heroin. From this fact alone the jury could permissibly infer that the order form required by statute would not be demanded of the buyer. Accord: United States v. Vasquez, 429 F.2d 615 (2d Cir.).

The two special attacks on Count II are without merit. The same evidence having been offered as to Count II as was offered on Count I, the judgments of Butler, Madden and Stanford E. Johnson are reversed. The judgments of Gilbert, Howe, Joe Bleaker Johnson, Napier, Moore and Page are affirmed.