UNITED STATES of America,
Appellee,

v.

Theodore Junior WRIGHT, Appellant.

No. 502-70.

United States Court of Appeals,
Tenth Circuit.

Nov. 3, 1971.

Rehearing Denied Nov. 26, 1971.

Nathan G. Graham, U. S. Atty., Tulsa, Okl. (Ben F. Baker and Robert P. Santee, Asst. U. S. Attys., on the brief), for appellee.

F. Paul Thieman, Jr., Tulsa, Okl., for appellant.

Before CLARK*, Associate Justice, SETH and HOLLOWAY, Circuit Judges.

HOLLOWAY, Circuit Judge.

This appeal is taken from a conviction for violation of the Federal Bank Robbery and Burglary Act by theft of money from a Federal credit union in violation of 18 U.S.C.A. § 2113(b).[1] At trial appellant challenged the sufficiency of the evidence to support a conviction by appropriate motions and the sole issue before us is the adequacy of the Government proof.

Under § 2113(b) the indictment charged that on or about July 30 and 31, 1967, at Bristow, Oklahoma, appellant unlawfully did take and carry away, with intent to steal money in excess of $100 belonging to the Creek County Farmers Federal Credit Union, whose deposits were insured by the F.D.I.C. The Government proof in support of the indictment was largely circumstantial and must be examined in some detail in view of the issue before us.

---

* Associate Justice, United States Supreme Court, Retired, sitting by designation.

1. 18 U.S.C.A. § 2113(b) provides in part as follows:
"(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; * * *"

Viewed in the light most favorable to the Government the proof showed these facts. In 1967 the Creek County Farmers Federal Credit Union had a small office in a portion of a recreation building in Bristow. The credit union office was separated by a partition from the rest of the building and was accessible only through a door that could be locked. In the remainder of the recreation building there was a music machine, a cigarette machine, a candy machine and a pinball machine located outside of the credit union office. The credit union was federally chartered and its deposits were insured by the F.D.I.C.

Clemon Ashley was secretary-manager of the credit union. He worked late on Sunday, July 30, posting his books and left the office about 9:30 p. m. At that time there was about $47 in a safe and $58.55 in an unlocked desk drawer in the credit union office. On his return on Monday morning he discovered that the recreation building and the credit union office had been burglarized. The back window of the building in a kitchen area had been broken out. Several cash boxes from inside the vending and pinball machines had been removed and were found empty in the other part of the building. The door of the credit union office had been kicked open and its cash in the safe and the desk drawer, totaling $105.55 was missing.

One Emma Robinson lived near the recreation building. The morning of the burglary she had heard three or four voices near the building sometime between two and three o'clock. She said that it seemed like "some kids running from the alley." She remembered hearing the name Fred used at one time.

Mr. Harrington, an F.B.I. agent, dusted the coin boxes, the safe and other objects in the building and the credit union office for latent fingerprints. He was successful in obtaining ten latent fingerprints and four identifiable palm prints. From comparison with fingerprints of appellant taken after his arrest, Mr. Walker, an F.B.I. fingerprint expert, testified that two fingerprints from a coin box of the pinball machine were made by one finger of appellant and that one fingerprint from a cash box and coin box from the recreation center portion of the building compared with appellant's right middle finger impression. Mr. Walker stated that there were several other fingerprints and that only those mentioned above were those of appellant. Mr. Harrington stated that none of the lifts of fingerprints taken from the credit union office, its furniture or the safe, were represented by the exhibits which were connected with appellant's fingerprints.

One Barbara Cole of Bristow said she had seen appellant the Sunday before the burglary at Vivian Joseph's house with Eugene Nash. She also saw him that evening "over there by the center" about dusk. And she saw defendant with Vivian Joseph and another girl riding around about ten or eleven o'clock that night. Vivian Joseph said that in July, 1967, she, Nash, Diane Collins and the appellant had ridden around one time on a Sunday evening and that Nash and appellant let the girls out between twelve and one o'clock, which was the last time she saw appellant. The other girl, Diane Collins, testified that she was an employee at the recreation center building and that she was with appellant, Nash and Vivian Joseph until about 12:30 when appellant took her home.

Nash testified he had been with appellant on a Saturday night in 1967 in the recreation center building in Bristow. He said they went to the center to see his girl and later to the home of Diane Collins. He said appellant stayed with him throughout the evening, except for taking Vivian Joseph to her home. Later he said they had gone to Tulsa.

■ The standard for considering the sufficiency of the Government's proof is clear. In determining whether it is sufficient to support a jury verdict of guilty, the evidence must be viewed in the light most favorable to the Government to ascertain if there is sufficient substantial proof, direct and circumstantial, to-

gether with the reasonable inferences to be drawn therefrom, from which the jury might find the defendant guilty beyond a reasonable doubt. United States v. Butler, 446 F.2d 975 (10th Cir.); United States v. Keine, 424 F.2d 39 (10th Cir.); Lewis v. United States, 420 F.2d 1089 (10th Cir.). However, "[i]n examining the evidence to determine whether it is substantial for purposes under consideration, it must do more than merely raise a suspicion of the existence of the facts sought to be proved; there must be more established than a mere suspicion of guilt." Lewis v. United States, supra at 1089.

In so viewing this proof favorably to the Government we must agree that it falls short of supporting the conviction for the Federal offense involved. There was proof of appellant's presence in the area, and proof pointing toward his involvement in the theft from the recreation center portion of the building. Thus, participation in a State offense was reasonably inferable.

■ However, we are dealing with a particular charge of a Federal offense of theft of money from the credit union only. From the proof of presence and association in the State offenses, the speculation and conjecture that appellant committed the Federal offense charged is not permissible. Proof of mere association and presence at the scene of a crime, and raising a mere suspicion of guilt of the offense charged, is not sufficient. Maestas v. United States, 311 F.2d 457, 459 (10th Cir.), cert. denied, 372 U.S. 936, 83 S.Ct. 883, 9 L.Ed.2d 767; Glover v. United States, 306 F.2d 594 (10th Cir.); Newsom v. United States, 335 F.2d 237, 239 (5th Cir.). We must agree that the proof failed to show appellant's participation in the Federal offense, even in the most favorable light in which it may be considered for the prosecution.

Accordingly, the judgment is reversed and the case remanded for dismissal of the indictment.