**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Vernon Ray DUFUR, Defendant-Appellant.**

**No. 71–1564.**

United States Court of Appeals, Tenth Circuit.

June 20, 1972.

Felix D. Lepore, Denver, Colo., for defendant-appellant.

James M. Peters, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.

Before LEWIS, Chief Judge, and HOLLOWAY and McWILLIAMS, Circuit Judges.

PER CURIAM.

Dufur was convicted of and sentenced for unlawfully aiding and abetting one Jonelle Moore in uttering a forged United States Treasury check in violation of 18 U.S.C. § 495. He appeals, asserting (a) that one cannot be lawfully convicted of aiding and abetting a principal *who is not charged as such* and (b) that the evidence is not sufficient to sustain his conviction.

Dufur's first argument is without merit. Although Miss Moore was not charged with any offense all that the prosecution need prove in this respect is that the offense has been committed. United States v. Rodgers, 10 Cir., 419 F.2d 1315; Feldstein v. United States, 9 Cir., 429 F.2d 1092.

A brief summary of the evidence, viewed in the light most favorable to the Government, United States v. Keine, 10 Cir., 424 F.2d 39, indicates that Dufur's second contention is also groundless. Dufur, while in a bar in Oklahoma City, was in possession of the subject check which bore the forged sig-

nature of the payee, Mingus. He there met Miss Moore with whom he had earlier discussed doing favors for him at her bank. He then asked Miss Moore to cash the subject check at her bank and stated that the check was good but that Mingus was unable to identify himself and would give him (Dufur) half the proceeds if he would get the check cashed. Miss Moore asked him if he would be foolish enough to fool around with a government check and received an answer that he would not. According to Miss Moore's testimony she did not believe Dufur but did, nevertheless, cash the check and give the proceeds to him, passing the money to him under a table. The narrated evidence is fully sufficient for the jury to find that Miss Moore uttered the check with guilty knowledge of its worthlessness and that Dufur aided and abetted her.

The judgment is affirmed.