323 So.2d 598 (1975)
George MOLFETAS, Petitioner,
v.
The STATE of Florida, Respondent.
No. 75-719.
District Court of Appeal of Florida, Third District.
December 9, 1975.
*599 Silver S. Squarcia, Miami, for petitioner.
Richard E. Gerstein, State Atty., and Charles I. Poole, Asst. State Atty., for respondent.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
We are presented with a petition for certiorari to review a decision of the circuit court in the exercise of its appellate jurisdiction. The petition alleges, and the record supports, the allegation that petitioner was tried and found guilty of assault and battery in the County Court in and for Dade County, Florida. Further, it appears that petitioner had filed in the county court a demand for jury trial but that notwithstanding this demand he was tried before the court without a jury.
Upon appeal, the circuit court affirmed without opinion. We hold that the circuit court departed from the essential requirements of law in that petitioner could not lawfully be tried without a jury unless jury trial was waived in writing. See CrPR 3.251 and 3.260.
The State urges that the petitioner implicitly waived the right to a jury trial by "idly stand[ing] by" and failing to demand at the beginning of the trial that which had already been demanded by him in writing. The right to a jury trial is a constitutional right. See Miller v. Rolfe, Fla.App. 1957, 97 So.2d 132; and cf. Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., Fla.App. 1959, 108 So.2d 641. The waiver of such a constitutional right "... must be shown to have been knowingly, voluntarily and intentionally made." Baker v. Wainwright, 422 F.2d 145 (5th Cir.1970), and see U.S. v. Auerbach, 420 F.2d 921 (5th Cir.1969).
Thereupon, the writ of certiorari is granted and the circuit court's order affirming the judgment of the county court is quashed with directions to grant petitioner a new trial.
It is so ordered.