PER CURIAM.
After a nonjury trial, the defendant was convicted and adjudicated guilty of the crime of murder in the first degree. His sole point on appeal is that his waiver of the right to trial by jury was accomplished under coercive circumstances. His contention is predicated upon the colloquy between the court and trial counsel during which the state acknowledged that it abandoned its request for the death penalty in exchange for the defendant’s waiver of his right to trial by jury. In the ensuing dialogue between the defendant and the court, the defendant acknowledged he had waived trial by jury with advice of counsel and that the waiver was accomplished freely and voluntarily without threat or coercion. The defendant relies upon a line of cases condemning the coercive waiver of jury trial. *87 Kg., Molfetas v. State, 323 So.2d 598 (Fla. 3d DCA 1975). However, on this record, devoid of any evidence of coercion, we would have to engage in pure speculation in order to determine that the defendant’s waiver was not properly obtained.
Affirmed.