UNITED STATES of America,
Appellee,

v.

Norman GARDNER, Defendant-
Appellant.

No. 455, Docket 34865.

United States Court of Appeals,
Second Circuit.

Argued Dec. 18, 1970.

Decided Jan. 4, 1971.

William E. Jackson, New York City, for defendant-appellant.

Walter J. Higgins, Jr., New York City. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., Ross Sandler, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment entered in the United States District Court for the Southern District of New York convicting appellant of violations

of federal narcotics laws. The indictment of appellant and a co-defendant contained five counts. Count 1 charged the appellant with possession and concealment of approximately 13.800 grams of heroin hydrochloride on his person; count 3 charged appellant and a co-defendant with possession of approximately 471.650 grams of heroin found in the apartment where they were arrested; and count 5 charged appellant and a co-defendant with conspiracy to violate 21 U.S.C. §§ 173 and 174 (1964). Count 2 did not name appellant as a defendant; count 4 charging the appellant with violations for possession of cocaine hydrochloride was dismissed when chemical analysis showed the substance to be quinine. Concurrent sentences of eight years each on the possession counts and five years on the conspiracy count were imposed upon the appellant.

Appellant initially contends that the affidavit supporting the search warrant granted to search appellant's apartment where the heroin was found failed to set forth sufficient probable cause in that there was insufficient corroboration of the information supplied by an informant of previously untested reliability. We disagree.

■ The affidavit in support of the search warrant stated with great particularity the information derived from the informant's personal observations, viz., the exact location of appellant's apartment, that appellant sold heroin in the vicinity of the Sunbright Bar, the routine which he followed in obtaining heroin from the apartment to fill orders, the license plate number of his 1967 blue Oldsmobile used to deliver the drugs, as well as the amounts of heroin located in the apartment on a particular day. A preliminary investigation showed the appellant to be a resident in the apartment, that he followed a routine in the vicinity of the Sunbright Bar typical of a drug pusher, and that he drove the described Oldsmobile. Surveilling agents saw the defendant enter and leave his apartment and then meet with groups of eight to ten people and exchange something in front of the Sunbright Bar.

Such an affidavit, when considered in the context of all information given by the informant, was more than sufficient to establish probable cause under the standards of Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509 (1964). See Spinelli v. United States, 393 U.S. 410, 416, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

■ Appellant contends that the government failed to prove either actual or constructive possession of the heroin found in the apartment charged in count 3 and therefore cannot rely upon the presumption of knowledge of unlawful importation of 21 U.S.C. § 174 (1964). We disagree. The government proved that the appellant controlled the apartment by showing payment of telephone, utility and rental expenses, and possession of a key, and that the appellant admitted having lived in the apartment for a year. More important, the jury, since it convicted on count 1, must have believed the testimony of the government agent that he found a glassine envelope containing heroin in appellant's shirt pocket when he was arrested leaving the apartment. The evidence of actual possession when coupled with the presence of the packaging and cutting paraphernalia and appellant's control over the apartment was sufficient to permit the jury to infer that the heroin in the glassine envelope had been cut from the larger amounts of heroin strewn about the apartment and that appellant had dominion and control over the heroin charged in count 3. See United States v. Vasquez, 429 F.2d 615, 617–618 (2d Cir. 1970).

We find no error in the trial judge's charge to the jury.

■ We find that the evidence was insufficient to support a conviction on the conspiracy count. See United States v. Agueci, 310 F.2d 817, 825 (2d Cir.

1962), cert. denied, Guippone v. U. S., 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11 (1963); United States v. Di Re, 159 F.2d 818, 819–820 (2d Cir. 1947), aff'd, 332 U.S. 581, 593–594, 68 S.Ct. 222, 92 L.Ed. 210 (1948). However since all the evidence presented on the conspiracy count was also admissible to prove the possession charged in counts 1 and 3, reversal of the conspiracy conviction does not require reversal or remand for retrial on counts 1 and 3.

Conviction on counts 1 and 3 affirmed. Conviction on count 5 reversed.