UNITED STATES of America,
Appellant,

v.

Marcia ALONZO and Oscar Wager,
Defendants-Appellees.

No. 887, Docket 71–1063.

United States Court of Appeals,
Second Circuit.

Argued June 15, 1971.

Decided June 18, 1971.

Jack Kaplan, Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty., S.D.N.Y., and David A. Luttinger, Asst. U. S. Atty., New York City, of counsel), for appellant.

Albert J. Krieger, New York City (Ivan S. Fisher, New York City, of counsel), for defendant-appellee Oscar Wager.

Before MOORE and KAUFMAN, Circuit Judges, and TIMBERS,* District Judge.

PER CURIAM:

The United States of America appeals from an order suppressing evidence seized pursuant to a search warrant issued by a United States Commissioner upon the application by affidavit of a Special Agent of the Federal Bureau of Narcotics and Dangerous Drugs. The items suppressed included articles containing narcotic drugs or which appeared to contain such drugs. The Court held that the affidavit was insufficient to establish probable cause for the issuance of the warrant.

The affidavit presents a series of reports from informants from May 1970 to August 13, 1970. In May an informant revealed sales of marihuana by defendant Oscar Wager personally witnessed in Apartment 35 of 599 West 190th Street, New York. The informant also observed cocaine in the apartment. In June 1970 Wager was arrested and charged with conspiracy to violate federal narcotic laws. The apartment was listed in the name of the defendant Alonzo, who was said to be a girlfriend of Wager.

Late in June another informant advised the Special Agent that he (the in-

---

* Chief Judge, District of Connecticut, sitting by designation.

formant) had been present at a Bar while Wager and Alonzo were making arrangements to sell cocaine to various customers; that Alonzo said she was going to her apartment to pick up the cocaine and would deliver it later. On August 10th this informant heard Alonzo state that her supply of cocaine had been depleted but that she expected delivery of a large quantity later in the week. Daily contacts between informant and Special Agent kept the Agent advised of Alonzo's statements to customers that the supply had not arrived. On August 13th the informant told the Agent that on the previous night he had observed Alonzo making arrangements to deliver cocaine; that a customer had had a telephone conversation with "Marcia" [Alonzo]; that he had to go to "Marcia's" apartment to pick up the cocaine and that, upon his return to the Bar, he had shown him a quantity of cocaine. Two Agents of the Bureau, including the Special Agent upon whose affidavit the warrant was issued, had observed Alonzo and Wager during the preceding four weeks entering the Alonzo apartment and remaining there and had also seen them in the vicinity of the Bar mentioned by the informant.

The affidavit of the Special Agent was based upon the information furnished over a three month period. It was submitted for review to an independent magistrate [the Commissioner]. If tested "in a commonsense and realistic fashion," the affidavit was more than sufficient for the issuance of a search warrant. United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965). This affidavit was not vague or conclusory but, rather, highly specific and filled with first-hand information from informants. Thus, it clearly met the requirement of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1962) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) that "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were." Aguilar, 378 U.S. at p. 114, 84 S. Ct. at p. 1514. The other requirement of Aguilar and Spinelli, that the agent seeking the affidavit has reason to credit the statements of the informant, was also satisfied. The information supplied by the second informant does not stand alone. That information was corroborated by information supplied by the first informant and by other information obtained before Wager's June 10th arrest indicating that Wager was at that time dealing in narcotics, see United States v. Chin Dan Fook, 413 F.2d 1016 (2d Cir. 1969), cert. denied 397 U.S. 928, 90 S.Ct. 936, 25 L.Ed.2d 107 (1970), especially where such dealing was at the same Bar and from the same apartment mentioned by the second informant. This informant's information was also corroborated by the agents' observations of defendants entering and remaining in the apartment in question on various nights and by the agents' observation of the defendants in the vicinity of the bar where the informant had indicated defendants were soliciting the sale of drugs. United States v. Gardner, 436 F.2d 381 (2d Cir. 1971). Thus, the evidence against Wager and Alonzo was consistent and cumulative in establishing probable cause for the search in question.

The Supreme Court has said that "the resolution of doubtful or marginal cases in this area [probable cause] should be largely determined by the preference to be accorded warrants." United States v. Ventresca, 380 U.S. at 109, 85 S.Ct. at 746. However, we do not regard this case as even doubtful or marginal.

The order suppressing the evidence seized pursuant to the warrant is reversed.