448 F.2d 175
 Anthony Lloyd CHRISMAN, Petitioner and Appellant,
v.
Harold V. FIELD, Superintendent of the California Men's
Colony, West, San Luis Obispo, and the People of
the State of California, Respondents and
Appellees.
 No. 25644.
 United States Court of Appeals,
Ninth Circuit.
 Aug. 31, 1971.
Rehearing Denied Jan. 5, 1972.
 
 1
 Sheldon Portman, San Jose, Cal., for petitioner and appellant.
 
 
 2
 Evelle J. Younger, Cal. Atty. Gen., Derald E. Granberg, Clifford K. Thompson, Jr., Deputy Attys. Gen., San Francisco, Cal., for respondents and appellees.
 
 
 3
 Before KILKENNY and TRASK, Circuit Judges, and BYRNE,* District Judge.
 
 WILLIAM M. BYRNE, District Judge:
 
 4
 The Grand Jury of Santa Clara County, California, indicted Anthony Lloyd Chrisman on a charge of furnishing and transporting heroin, conspiring to commit burglary and to possession of heroin, all violations of California Law. Having waived a jury trial, Chrisman was found guilty on each count following a trial by the court on a stipulated record of prior proceedings. Chrisman, whose conviction was affirmed by the California Court of Appeal save for the transportation of heroin charge which was the subject of an order for new trial, People v. Chrisman, 256 Cal. App.2d 425, 64 Cal.Rptr. 733 (1967), was sentenced to concurrent terms of fifteen years to life. The California Supreme Court denied Chrisman's petition for a hearing and certiorari was denied by the United States Supreme Court, 395 U.S. 985, 89 S.Ct. 2135, 23 L.Ed.2d 774 (1969). He appeals here from the order of the district court denying his petition for a writ of habeas corpus. We affirm.
 
 
 5
 Following a two week narcotics investigation, Chrisman and one Patricia Haydon, were arrested by Santa Clara officers in an automobile the two had driven from San Francisco. An incidental search of the automobile conducted immediately subsequent to the arrest disclosed a quantity of heroin and a hypodermic kit. Chrisman renews the position he has taken elsewhere (The California Court of Appeal, the California and United States Supreme Courts) that the evidence seized at the time of his arrest, including the business card of one Conrad Berger found on his person and two lists of cigarette brand names discovered in Haydon's purse, should have been suppressed.
 
 
 6
 While we are in accord with Chrisman's view that the arrest warrant obtained by the Santa Clara officers was invalid, see e. g., Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L. Ed.2d 1503 (1958), we do not agree with his assertion that the search and seizure in question was the incident of an illegal arrest. It is well settled that an invalid arrest warrant does not negate the validity of an arrest which is supported by probable cause. Ray v. United States, 412 F.2d 1052 (9th Cir. 1969); Russo v. United States, 391 F.2d 1004 (9th Cir. 1968), cert. denied, 393 U.S. 885, 89 S. Ct. 195, 21 L.Ed.2d 161 (1968); Dearinger v. United States, 378 F.2d 346 (9th Cir. 1967), cert. denied, 396 U.S. 1030, 90 S.Ct. 603, 24 L.Ed.2d 525 (1970), reh. denied, 397 U.S. 1004, 90 S. Ct. 1132, 25 L.Ed.2d 417 (1970). See, People v. Chimel, 68 Cal.2d 436, 67 Cal. Rptr. 421, 439 P.2d 333 (1968), overruled on other grounds, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). In the instant case, the facts known to the officers at the time they arrested Chrisman were sufficient to establish probable cause because the proverbial man of ordinary care and prudence would have believed that Chrisman had committed an offense. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).
 
 
 7
 Here, a heroin addict, who heretofore had been unknown to authorities, contacted the District Attorney of Santa Clara upon advice of her physician and related how she and Chrisman stole up to 150 cartons of cigarettes a day and sold them to one Conrad Berger, a vending machine operator. The money obtained from these sales was used to purchase narcotics from a Negro man named "Bill" who lived on McAllister Street in San Francisco. After having been contacted by Chrisman, "Bill", who on occasion would be accompanied by a Negro woman, would leave the apartment in order to secure the narcotics. The informant stated that Chrisman kept a narcotic injection kit concealed upon his person or under the dashboard in his automobile. Additionally, the investigators were told that a woman named "Pat" wanted to be a part of the operation.
 
 
 8
 Prior to executing the arrest of Chrisman, the police had corroborated the informant's story. First, the marks upon her arm confirmed that she was an addict. Second, Chrisman, whose criminal record including narcotics offenses was known to the District Attorney's chief investigator, had been seen in the company of the informant. Also, it had been established that Conrad Berger operated a candy and tobacco distributing business in Santa Clara. Finally, on two occasions Chrisman and Haydon had been seen at the McAllister apartment under circumstances which verified the information divulged by the informant. On the first occasion, Chrisman and Haydon had been parked outside the McAllister Street apartment for about twenty minutes when a Negro couple emerged from the building and entered Chrisman's automobile, which promptly drove away. None of the four principals returned to the apartment that night. The second occasion also occurred in the late evening. This time, after Chrisman and Haydon had entered the apartment, the Negro couple left the building and drove away in Chrisman's automobile, returning to the apartment some two and one half hours later. Shortly thereafter, Chrisman and Haydon exited the apartment and drove toward San Jose. Upon arriving in Santa Clara County they were arrested. Given the nature of the information related to the authorities by the informant and the amount of evidence that corroborated this information, it is clear that the two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637 (1969), has met with compliance. United States v. Jiminez-Badilla, 434 F.2d 170 (9th Cir. 1970); United States v. Chin Dan Fook, 413 F.2d 1016 (2d Cir. 1969), cert. denied, 397 U.S. 928, (1970).[1] See, United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).
 
 
 9
 Finally, there is no merit in Chrisman's contention that his arrest was a mere pretext to conduct a search. The officers refrained from arresting Chrisman in order to verify the informant's story and to garner information about the narcotics supplier. Under such circumstances, the arrest in question is impregnable to the assault that it was nothing more than a sham. United States v. Sizer, 292 F.2d 596 (4th Cir. 1961).
 
 
 10
 Affirmed.
 
 
 
 *
 Honorable William M. Byrne, United States District Judge, Central District of California, sitting by designation
 
 
 [1]
 As the officers approached his automobile, Chrisman cupped his hand and held it as though he were putting something into his mouth. The informant had disclosed to the authorities that she had been instructed by Chrisman to swallow any heroin in her possession if she were ever stopped by the police. Chrisman maintains that this gesture, which he contends was the only basis on which his arrest could be justified, was "tainted fruit" because it was observed by the officers when they executed the invalid arrest warrant. Accepting, arguendo, the officers' observation was "tainted fruit" this does not invalidate the arrest, because for the reasons already denoted, the officers had ample probable cause to arrest Chrisman before they witnessed his furtive gesture