**UNITED STATES of America,**
**Appellant,**

v.

**Dominic FACHINI, Jr., Appellee.**

**No. 71–2096.**

United States Court of Appeals,
Sixth Circuit.

Aug. 11, 1972.

---

Mervyn Hamburg, Dept. of Justice, Criminal Div., Washington, D. C., Sidney M. Glazer, Dept. of Justice, Criminal Div., Washington, D. C., Ralph B. Guy, U. S. Atty., Detroit, Mich., Laurence Leff, Attorney in Charge Detroit Strike Force, U. S. Dept. of Justice, Haskell Shelton, Sp. Atty., Detroit, Mich., on brief, for appellant.

Peter Shumar, Liberson, Fink, Feiler, Crystal, Burdick & Schwartz, P. C., Detroit, Mich., Neil H. Fink, Detroit, Mich., on brief, for appellee.

Before PHILLIPS, Chief Judge, and McALLISTER and O'SULLIVAN, Senior Circuit Judges.

PHILLIPS, Chief Judge.

The United States appeals from an order granting a motion to suppress the use of five counterfeit Federal Reserve notes as evidence.

An indictment was filed March 4, 1969, charging Fachini with having knowingly possessed five counterfeit notes, in violation of 18 U.S.C. § 472. The notes had been taken from the person of Fachini at the time he was arrested at his home pursuant to an arrest warrant issued by a District Court judge upon a complaint. On November

5, 1971, prior to Fachini's second trial,[1] the District Court sustained a motion to suppress these counterfeit notes as evidence on the ground that the complaint was invalid. The Government, pursuant to 18 U.S.C. § 3731, appealed to this court. We reverse.

The warrant for the arrest of Fachini was issued by District Judge Fred W. Kaess[2] upon the basis of the following complaint:

"United States District Court

for the

Eastern District of Michigan, Southern Division

| United States of America | | Complaint for |
| v. | } | Violation of U.S.C. Title 18 |
| Dominic Henry Fachini | | Section 1001 |

"Before the Honorable Fred W. Kaess, U. S. District Judge, Detroit, Michigan, The undersigned complainant being duly sworn states: That on or about October 16, 1967, at Detroit, Michigan, in the Eastern District of Michigan, Southern Division, Dominic Henry Fachini did in a matter within the jurisdiction of the United States Immigration and Naturalization Service make and use a false writing knowing the same to contain false, fictitious and fraudulent statements; in violation of Section 1001, Title 18, United States Code.

"And the complainant states that this complaint is based · on the personal knowledge of the complainant Raymond J. Tallia, Special Agent, Federal Bureau of Investigation, and upon information supplied by Allen Wardowski, Notary Public, Macomb County, James Killeen, General Investigator, United States Immigration and Naturalization Service, and Julius Toth that Dominic Henry Fachini submitted to the United States Immigration and Naturalization Service a false, ficititious and fraudulent statement representing that he was employed by R. J. Engineering Company.

"And the complainant further states that he believes that Raymond J. Tallia, Allen Wardowski and Julius Toth are material witnesses in relation to this charge.

/s/ Raymond J. Tallia
Raymond J. Tallia
*Special Agent*, Federal Bureau of Investigation

"Sworn to before me, and subscribed in my presence, May 16, 1968.
/s/ Fred W. Kaess
Fred W. Kaess
*United States Judge*"

Before filing this complaint, FBI Agent Tallia, in the course of an investigation with Agent James Killeen of the Immigration and Naturalization Service, had learned that when Fachini had applied to bring his wife into the United States, he had furnished information to the Immigration and Naturalization Service that he was employed by the R. J. Engineering Company. Julius Toth, the owner of this firm, had told the FBI Agent that he had never employed Fachini and could not identify his photograph.

On May 17, 1968, Tallia and other FBI agents executed the arrest warrant and arrested Fachini at his home. Incident to the arrest they searched his person and found and seized the five ten dollar counterfeit notes.

Two questions are presented on this appeal:

(1) Was the complaint upon which the arrest warrant was based adequate to show probable cause? and

(2) If the complaint was insufficient, was the search of the person of Fachini and the seizure of the counterfeit notes valid as incident to a lawful arrest?

1. The first trial was conducted before the late Theodore Levin, District Judge. Following a jury conviction and sentencing Judge Levin found error in his instructions to the jury and granted Fachini a new trial.

2. Now Chief Judge of the Eastern District of Michigan.

## I.

■ In his order suppressing the evidence, the District Court held that the complaint was insufficient under Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), and Rule 4, Fed.R.Crim.P.

The complaint filed before Judge Kaess states that on October 16, 1967, Fachini made a false statement in a matter within the jurisdiction of the Immigration and Naturalization Service in violation of 18 U.S.C. § 1001. This offense is punishable by a fine of not more than $10,000 or imprisonment of not more than five years or both.

The complaint states that it is based "on the personal knowledge of the complainant," an FBI agent, and upon information supplied by a named investigator of the Immigration and Naturalization Service and by Julius Toth, that Fachini had submitted a false statement to the Immigration and Naturalization Service representing that he was employed by R. J. Engineering Company.

In granting the motion to suppress, the District Court laid emphasis upon the fact that the complaint does not identify Julius Toth. Certainly the FBI agent would have been more prudent if he had identified Mr. Toth in the complaint as the owner of R. J. Engineering Company. Although the complaint does not so state, the record discloses that Mr. Toth was owner of this firm, which Fachini had claimed under oath to be his employer. The record is silent as to whether the identity of Mr. Toth was disclosed orally to Judge Kaess at the time the arrest warrant was issued. Even without the identification of Mr. Toth, we hold that the complaint was sufficient for Judge Kaess to conclude that there was "probable cause to believe that an offense has been committed and that the defendant has committed it." Rule 4, Fed.R.Crim.P. The complaint contained more than a mere conclusion that Fachini had committed a crime, which was the deficiency found by the Supreme Court in the complaint in Giordenello.

■■ Mr. Justice Harlan, author of the majority opinion in Giordenello, also wrote the subsequent opinion in Jaben v. United States, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1967). In this later case the Court sustained the sufficiency of a complaint, distinguishing and explaining Giordenello. Under the requirement of Jaben, Judge Kaess was required "to make a neutral judgment that resort to further criminal process is justified." The complaint had to be sufficient to "provide a foundation for that judgment." It had to provide the affiant's answer to the hypothetical question, "What makes you think that the defendant committed the offense charged?" It is not required that "every factual allegation which the affiant puts forth must be independently documented, or that each and every fact which contributed to his conclusion be spelled out in the complaint." The complaint simply had to be sufficient to enable Judge Kaess "to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process." 381 U.S. at 224–225, 85 S.Ct. at 1371.

Based upon the information set forth in the complaint, Judge Kaess could have concluded that a reasonable reading of the affidavit showed that the facts were obtained by Government investigation, rather than tips from unnamed informants. Cf. United States v. Moore, 452 F.2d 569, 572 (6th Cir. 1971).

We therefore conclude that the complaint was sufficient under the standards of Giordenello and Jaben.

## II.

■ After determining that the complaint was invalid, the District Court heard evidence on the question of whether the FBI agents had independent probable cause to arrest Fachini, notwithstanding the invalidity of the complaint. The District Court found, on the basis of uncontradicted testimony, that "probable cause did exist at the time of the arrest to believe that Fachini had com-

mitted a felony in violation of federal law." This conclusion is well supported by the testimony, which is made an appendix to this opinion.

■ The factual basis for a conclusion of probable cause supporting a warrantless arrest is at least as stringent as the standards applied for the issuance of an arrest warrant. Whiteley v. Warden, 401 U.S. 560, 566, 91 S.Ct. 1031, 28 L. Ed.2d 306 (1971). If this standard is met, a showing of probable cause that a felony has been committed has long been deemed sufficient to justify arrest, even if the arrest warrant is invalid. United States v. Wilson, 451 F.2d 209, 214 (5th Cir. 1971); United States ex rel. Gockley v. Myers, 450 F.2d 232, 234 (3rd Cir. 1971); Chrisman v. Field, 448 F.2d 175, 176 (9th Cir. 1971); Ferganchick v. United States, 374 F.2d 559, 560 (9th Cir. 1967), cert. denied, 387 U.S. 947, 87 S.Ct. 2085, 18 L.Ed.2d 1337.

■ After ruling that probable cause existed at the time of the arrest to believe that Fachini had committed a felony in violation of federal law, the District Court held that FBI agents were not authorized to arrest Fachini in his private residence without a valid warrant supported by a valid complaint, relying on language in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). That decision involved a search warrant issued by a State Attorney General. After holding the search warrant to be invalid, the court examined and rejected three alternate theories urged by New Hampshire to bring the facts of that case within one of the exceptions to the search warrant requirement. Applying a basic maxim for the interpretation of judicial opinions, we read the language of *Coolidge*, "in connection with the case in which those expressions are used." Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 398, 5 L.Ed. 257.

In the present case, no search was made of the private residence of Fachini. The five counterfeit notes were found on his person as an incident to his arrest. We do not agree with the District Court that the incidental search of Fachini's person became invalid because he was arrested in his home rather than on the street. The only objects seized were from his person, and the same incidental search of his person would have occurred regardless of the site of the arrest. See United States v. Baratta, 397 F.2d 215, 222–223 (2d Cir. 1968), cert. denied, 393 U.S. 939, 89 S.Ct. 293, 21 L. Ed.2d 276; Hagans v. United States, 315 F.2d 67, 69 (5th Cir. 1963), cert. denied, 375 U.S. 826, 84 S.Ct. 68, 11 L.Ed.2d 58. Compare, United States v. Simpson, 453 F.2d 1028 (10th Cir. 1972).

It is to be emphasized that this is not a case where arresting officers undertook an arrest by illegal police action. The FBI agent sought out judicial process and was issued a warrant. Any error that may have occurred was in failing to state a sufficient factual basis upon which to issue the arrest warrant, i. e., the identity of Julius Toth. Nevertheless, the warrant was issued and signed by a federal judge.

We hold: (1) that the complaint and arrest warrant were valid; and (2) in any event the search of the person of Fachini was incident to a lawful arrest.

Reversed and remanded.

## APPENDIX

Raymond J. Tallia

having been first duly sworn, was examined and testified on his oath as follows:

Direct Examination

By Mr. Shelton:

Q. State your name for the Court, please.

A. Raymond J. Tallia.

Q. What is your position or occupation, Mr. Tallia?

A. Special Agent, Federal Bureau of Investigation.

Q. How long have you been so employed?

A. Almost seven years.

Q. Where were you stationed on October 17, 1968?

A. October 17, 1968?

Q. Yes, sir.

A. Detroit, Michigan.

Q. Did you have occasion during this period to conduct an investigation involving a man named Dominic Fachini?

A. Yes, I did.

Q. In connection with what violation of the United States Statute were you conducting this investigation, sir?

A. In connection with false statements to the government, Section 1001, Title 18.

Q. Would you describe to the Court what your investigation consisted, sir?

A. It consisted of review of the Immigration and Naturalization Service records regarding Mr. Fachini; and in so doing with the assistance of the investigator James Killeen of INS, the uncovering of a statement made to the Immigration and Naturalization Service; application to bring Mr. Fachini's wife into the United States. In regard to this statement Mr. Fachini had to furnish certain information supporting the fact that he was employed, that he would be able to support a wife and certain other facts with regard to his background.

Q. Did you personally examine the statement, sir?

A. Yes, I did.

Q. Did it have a statement to the effect that he was employed?

A. Yes, it did.

Q. What did it relate to his employment?

A. It stated that he had been employed by R. J. Engineering Company, Detroit, Michigan.

Q. Did you subsequently make a check with the officials R. J. Engineering Company?

A. Yes, I did.

Q. Who did you interview?

A. I interviewed the owner, Mr. Julius Toth.

Q. What did Mr. Toth tell you, sir?

A. Mr. Toth stated that he had never employed Mr. Fachini; he had very few employees; that he had been in business for several years and neither at that time or previously had ever employed Mr. Fachini. He observed the photograph of Mr. Fachini, which I exhibited to him, and he stated emphatically that he did not know this man under any other name. I interviewed also the bookkeeper and payroll clerk of R. J. Engineering, and the results were the same.

Q. As a result of your investigation, sir, did you obtain authorization to proceed with the case and file a complaint?

A. Yes, I did.

Q. Before whom did you file the complaint, sir?

A. I filed it before the United States District Judge Fred Kaess.

Q. Calling your attention to May 17, 1968, I believe I confused you a minute ago on the date. As a result of filing your complaint did you obtain a warrant of arrest?

A. Yes.

Q. Did you make an arrest in this case?

A. Yes, I did.

Q. What date was the arrest, sir?

A. May 17, 1968.

Q. And the individual arrested was whom?

A. Dominic Fachini.

Q. Do you see Mr. Fachini in the courtroom today, sir?

A. Yes.

Q. Point him out and describe what he is wearing.

A. Seated at the counsel table in a green suit.

Mr. Shelton: May the record reflect that he has identified Dominic Fachini. Where did the arrest occur?

A. At his residence, East McNichols in Detroit.

Q. Describe what happened first in sequence of events upon your arrival at his residence?

A. I was accompanied by three other agents of the Federal Bureau of Investigation. And Agent Robertson and myself went to the front door and I asked Transeth and Cammarota to cover the back door. The door was open, ajar, and I knocked on the door and loudly announced that this is the FBI. A voice from inside said, "Okay. Come on in."

Q. What happened next, sir?

A. I then entered through the door, into the living room area, and Mr. Fachini was coming in to the living room at this time also.

Q. Did you announce to Mr. Fachini that he was under arrest?

A. I first identified myself, exhibited my credentials as an agent of the Federal Bureau of Investigation. I told Mr. Fachini that I had a warrant for his arrest.

Q. Was a search subsequently made of Mr. Fachini's person?

A. Yes, it was.

Q. Was any contraband obtained from his person?

A. Yes, there was.

Q. How long was it after you first entered that house when the search was conducted and the contraband received?

A. Several minutes thereafter.

Q. What was the contraband?

A. Consisted of counterfeit United States currency.

Q. How many?

A. Five ten dollar bills.

Mr. Shelton: Pass the witness.

Mr. Fink: No questions.

The Court: Well, I find that the agent had probable cause. He did sufficient investigation and the testimony and exhibit upon which he relied were credible. I believe there was probable cause.