577 F.2d 1093
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose L. FERNANDEZ-GUZMAN, Defendant-Appellant.
 No. 77-1954.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 26, 1978.
Decided May 23, 1978.
Rehearing and Rehearing En Banc Denied June 30, 1978.
 
 Edward J. Calihan, Jr., Chicago, Ill., for defendant-appellant.
 John E. Burns, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.
 Before FAIRCHILD, Chief Judge, and PELL and SPRECHER, Circuit Judges.
 FAIRCHILD, Chief Judge.
 
 
 1
 The defendant, Jose Fernandez, was arrested without a warrant on a public street shortly after midnight July 13, 1976, allegedly on probable cause to believe he was committing a federal drug offense. Incidental[1] to his arrest, a brown paper bag containing about two kilograms of heroin was seized from the car he had been driving. Since the arrest was made without a warrant, the arresting officers filed complaints[2] at the defendant's initial appearance before the federal magistrate, as required by Rule 5(a) of the Federal Rules of Criminal Procedure. Before trial, Fernandez moved to suppress the heroin, whereupon the district court conducted an evidentiary hearing, over the defendant's objection, on the question of probable cause at the time of arrest. The defendant had argued that the court's inquiry on his motion must be limited to the 5(a) complaints alone. The motion to suppress was denied and Fernandez was subsequently convicted in a trial to the court of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). The defendant was released on bond pending appeal.
 
 
 2
 The defendant makes the following arguments on appeal:
 
 
 3
 (1) Following a warrantless arrest, the trial court is precluded from holding an evidentiary hearing on the motion to suppress evidence; instead, inquiry into probable cause to arrest must be restricted to the complaints filed after arrest in accordance with Rule 5(a).
 
 
 4
 (2) The 5(a) complaints filed in this case fail to show probable cause to arrest the defendant and thus, since they are the only matter to be considered in testing the validity of the arrest, the motion to suppress should have been granted.
 
 
 5
 (3) Even if the 5(a) complaints are facially sufficient to support the arrest, inaccuracies in them, which became apparent at the suppression hearing, render them invalid and thus also the arrest.
 
 
 6
 (4) If holding an evidentiary hearing on the suppression motion was not error, the evidence adduced at it does not satisfy the probable cause requirement.
 
 
 7
 (5) The evidence at trial was insufficient to convict the defendant because of lack of proof on the essential elements of knowledge of the contents of the bag seized and intent to distribute the heroin.
 
 
 8
 We agree that the 5(a) complaints fail to show probable cause to arrest, even taking the allegedly inaccurate statements at face value. However, we affirm the district court's conclusion that the officers did know at the time of arrest sufficient facts to support a reasonable belief that the defendant was committing a crime, even though they failed to state enough of those facts when drafting the 5(a) complaints after the arrest for the complaints to demonstrate probable cause. Since we further conclude that it was proper for the district court to hear and consider evidence outside the 5(a) complaints on the defendant's motion to suppress, denial of that motion was not error. In addition, we find that the conviction is supported by sufficient evidence on all the elements. Consequently, we affirm.
 
 
 9
 The only question this opinion addresses is whether the trial court should have limited its inquiry to the 5(a) complaints on the suppression motion. Since our resolution of the other issues is not deemed to be of precedential significance, those issues are decided in an unpublished order filed at the same time as this opinion.
 
 
 10
 Prior to 1972, Fed.R.Crim.P. 5(a) required a complaint to be filed at the initial appearance of a person arrested without a warrant. This complaint, unlike the one for obtaining a warrant, was generally considered a jurisdictional requirement only, Byrnes v. United States, 327 F.2d 825, 834 (9th Cir. 1964), cert. denied 377 U.S. 970, 84 S.Ct. 1652, 12 L.Ed.2d 739 (1964); Gaither v. United States, 134 U.S.App.D.C. 154, 168-69, 413 F.2d 1061, 1075-76 (1969), and therefore, did not usually, if ever, show probable cause on its face, in spite of the Supreme Court's admonition that the purpose of procedural rules like 5(a), even before the 1972 amendment, was to require police with reasonable promptness to "show legal cause for detaining arrested persons." McNabb v. United States, 318 U.S. 332, 344, 63 S.Ct. 608, 614, 87 L.Ed. 819 (1943); Mallory v. United States, 354 U.S. 449, 454, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957); see also Gerstein v. Pugh, 420 U.S. 103, 124 n. 24, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).
 
 
 11
 Rule 5(a) was amended in 1972 to read in pertinent part:
 
 
 12
 (a) . . . If a person arrested without a warrant is brought before a magistrate, a complaint shall be filed forthwith which shall comply with the requirements of Rule 4(a) with respect to the showing of probable cause. (Emphasis added.)We agree with the defendant that this amendment enlarges, or at least makes explicit, a function of the post-arrest complaint. The rule, as it now reads, clearly permits an arrested person to challenge further custody and the holding to answer on the basis of lack of probable cause shown in the complaint filed after a warrantless arrest. However, the defendant goes on to argue that if a 5(a) complaint is subsequently found to be deficient facially or subfacially[3] then any evidence seized incident to the arrest must be suppressed, either because the arrest itself is deemed to have been unconstitutional, or because the purposes of the 1972 amendment to Rule 5(a) require that result. We now discuss our reasons for rejecting these alternative positions.
 
 I. CONSTITUTIONALITY OF THE ARREST
 
 13
 The Fourth Amendment stricture against the seizure of persons, i. e. arrest, on less than probable cause strikes what has been recognized as a proper balance between the often conflicting interests of government control of crime and individual privacy. Brinegar v. United States, 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Ideally, of course, a pre-arrest determination of probable cause by a disinterested judicial officer is preferred to that made by a possibly overzealous law enforcement officer "engaged in the often competitive enterprise of ferreting out crime." Johnson v. United States, 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed. 436 (1948). Arrest warrants, as much as search warrants, obviously serve a preventative function against unconstitutional invasion of privacy by police. Yet in the area of arrests made in a public place, an arrest warrant has never been considered to be constitutionally mandated even when there was opportunity for one to be obtained. United States v. Watson, 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976).
 
 
 14
 Necessarily, post-arrest judicial review of the decision to arrest cannot prevent or negative the intrusion which has already occurred and which may have been unconstitutional. Nevertheless, the Fourth Amendment has consistently been interpreted as being better served by such review, based on standards at least as stringent as those for securing an arrest warrant. Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Wrightson v. United States, 95 U.S.App.D.C. 390, 222 F.2d 556 (1955). Aside from its check on police conduct, a primary personal benefit gained by post-arrest review is the prevention of a continuing unconstitutional invasion if the suspect was in fact arrested without probable cause. Thus, obviously, the earlier the review, the better. Early review also helps to minimize the risks attendant upon hindsight justification of government action. Beck v. Ohio, supra. Accordingly, Rule 5(a) furthers these goals in the federal system by requiring officers to swear out a complaint showing probable cause before a judicial officer "without unnecessary delay" after a warrantless arrest, that is, at the initial appearance.
 
 
 15
 In Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), the Supreme Court stated that, following a warrantless arrest, the Fourth Amendment demands a prompt judicial determination of probable cause in order to test continued detention before trial.[4] The perspective taken in Gerstein is clearly from the post-arrest position. While an arrest and, therefore, a possibly unconstitutional invasion might be a "fait accompli," the Fourth Amendment's protection extends beyond the initial seizure to continuing detention, and post-arrest review serves to prevent continued violation.
 
 
 16
 While it is often true when probable cause is found to be lacking at a post-arrest determination, the arrest itself is also found to have been made without probable cause, it is not necessarily so. Obviously, if a post-arrest review results in a finding of no probable cause, government detention must end whether or not the arrest was actually valid. But the question of suppression of any evidence seized incident to the arrest remains dependent for constitutional purposes on whether probable cause existed at the time of arrest.
 
 
 17
 Now the defendant would have us hold that on a motion to suppress evidence made sometime after the initial appearance, the arrest must be deemed unconstitutional and any derivative evidence suppressed if the 5(a) complaints are found to be deficient, without regard to facts and circumstances outside those complaints yet still within the arresting officers' knowledge at the time of arrest. This result would take us well beyond Gerstein. Gerstein dealt only with the Fourth Amendment's guarantee as regards the individual already in custody. The Court made clear that although a suspect has a right to challenge probable cause for further pretrial confinement, a conviction will not be vacated on the ground that the defendant has been detained pending trial without a determination of probable cause. 420 U.S. at 119, 95 S.Ct. 854. Indeed, the Court emphatically avoided holding that all arrestees have a Fourth Amendment right to a judicial probable cause determination soon after arrest; instead, "it is required only for those suspects who suffer restraints on liberty other than the condition that they appear for trial." Id. at 126 n. 26, 95 S.Ct. at 869. While the Court found it unnecessary to define precisely what restraints would require that determination, "significant restraint on liberty" was identified as the key. Id. Even if we were to decide that Fernandez suffered such restraint a question we need not consider an appropriate method for challenging the magistrate's finding or lack thereof prior to conviction would have been a petition for habeas corpus. But even then, the remedy for deficient 5(a) complaints would have been discharge from custody, not suppression of the heroin seized incident to the arrest. For it remains that if there was in fact probable cause at the time of arrest, the arrest was constitutional when made and cannot retroactively be made unconstitutional by a subsequent event, such as a failure to comply with Rule 5(a). See, e. g., United States v. Russian, 192 F.Supp. 183, 186 (D.Conn.1961).
 
 
 18
 The defendant tries to bolster his constitutional argument further by insisting that the same four-corner rule which allegedly applies to arrest warrants to protect Fourth Amendment rights should apply to 5(a) post-arrest complaints. The problem with this argument is that it rests upon a false premise. When an arrest warrant is found to be invalid (either on its face or following a subfacial attack), the frequent result is that the arrest itself was invalid, and incidental evidence would be suppressed.
 
 
 19
 However, the frequent result is clearly not the universal nor automatic one since the government may attempt to justify the arrest in either of two ways. It can do so, first, by showing that the issuing magistrate had more information than was written in the warrant affidavit. United States v. Beasley, 485 F.2d 60 (10th Cir. 1973), cert. denied 416 U.S. 941, 94 S.Ct. 1946, 40 L.Ed.2d 292 (1974); see also Boyer v. Arizona, 455 F.2d 804 (9th Cir. 1972) (search warrant was validated seven months after issuance based in part on oral but unrecorded testimony of the affiant before the warrant-issuing magistrate).
 
 
 20
 Second, the government could try to justify the arrest as though it were warrantless; that is, it could endeavor to prove that the facts and circumstances within the arresting officer's knowledge at the time of arrest were sufficient to warrant a person of reasonable caution to believe that the defendant was committing a crime. United States v. Carmichael, 489 F.2d 983, 990 (7th Cir. 1973); United States v. Rose, 541 F.2d 750, 756 (8th Cir. 1976), cert. denied 430 U.S. 908, 97 S.Ct. 1178, 51 L.Ed.2d 584 (1977); United States v. Hall, 348 F.2d 837, 841-42 (2nd Cir. 1965), cert. denied 382 U.S. 947, 86 S.Ct. 408, 15 L.Ed.2d 355 (1965); United States v. White, 342 F.2d 379, 381-82 (4th Cir. 1965), cert. denied 382 U.S. 871, 86 S.Ct. 148, 15 L.Ed.2d 109 (1965); United States v. Morris, 477 F.2d 657, 663 (5th Cir. 1973); United States v. Fachini, 466 F.2d 53, 56-7 (6th Cir. 1972). And the government is free to justify the arrest as warrantless even if the arresting officer was the same person who swore out the arrest warrant earlier. Giordenello v. United States, 357 U.S. 480, 488, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958) (in case of a new trial the government could try to justify the arrest without relying on the warrant); United States v. Fachini, 466 F.2d 53 (6th Cir. 1972). If there is no constitutional reason for imposing a four-corner rule in the 4(a) warrant situation, there is even less reason for doing so in the 5(a) warrantless situation where an arrest occurs before and, thus, could in no way be affected by a possibly deficient 5(a) complaint.
 
 
 21
 Although the risks due to hindsight are high whenever the government seeks to validate an arrest well after it was made, the existence of a deficient warrant or 5(a) complaint helps mitigate those risks. Either may be used by the defense to impeach the credibility of the affiants or as a basis for arguing that they could not have had the information they claim at a suppression hearing to have had prior to the arrest or they surely would have included it in their earlier sworn document.
 
 
 22
 In sum, when the facts known to the officers at the time of arrest are such as to make the arrest constitutional when it occurred, the omission of some of those facts from later-filed 5(a) complaints cannot make the arrest retroactively unconstitutional. Thus, unless as a matter of policy the 5(a) complaints should have retroactive effect, the focus of inquiry on the suppression motion was correctly determined by the district court to be the time of arrest, and evidence concerning what was known by the arresting officers then was properly heard on the motion.
 
 
 23
 II. EXCLUSIONARY RULE NOT REQUIRED BY RULE 5(a)
 
 
 24
 Besides the constitutional argument which we have rejected, the defendant appears to argue that a policy ground for the result he seeks is suggested by Rule 5(a) itself. However, not only is the procedural rule silent as to enforcement and remedy, but we have been unable to locate any legislative or judicial history supporting his position. The only remedy ever mentioned in connection with the amendment with which we are concerned appeared in the initial 1970 proposal which concluded: "In the absence of a showing of probable cause the magistrate shall discharge the arrested person."[5] Even in this, however, there is no indication that the test for suppression of evidence seized incidentally to the arrest is anything other than the constitutionality of the arrest at the time of arrest.
 
 
 25
 In addition, committee notes[6] accompanying the 1970 proposal make clear that the intent was to make the warrantless arrest situation conform more closely with the warrant procedure by requiring that a neutral magistrate pass on probable cause as soon as possible after an arrest. Like the warrant procedure, then, the purpose in having 5(a) complaints show probable cause is primarily prophylactic: to prevent an initial or continuing unconstitutional invasion of personal privacy. If they should fail in that purpose and both an unconstitutional arrest and detention are made, a full evidentiary hearing on a motion to suppress, for example, will hopefully reveal the error. But if the warrant or complaint should fail only in not showing probable cause when, in fact, probable cause to arrest did exist, the defendant is in no way harmed by the arrest and a suppression hearing will also show that. We do not believe the amenders of Rule 5(a) intended post-arrest complaints to preclude the taking of additional evidence on the probable cause issue when it is raised in the context of a suppression motion any more than they intended Rule 4(a) complaints to be so treated, or they would have stated so explicitly in the rule.
 
 
 26
 It is true, however, that appellate courts have found it necessary to fashion an exclusionary rule under their supervisory powers in certain instances. For example, confessions elicited during unreasonable delay in bringing suspects before the magistrate such delay proscribed in Rule 5(a) also are excluded from evidence. McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943). This result is designed to protect against coerced abrogation of the Fifth Amendment right against self-incrimination, a primary purpose of the 5(a) requirement itself, and to deter police misconduct in that regard. The McNabb result, however, was not designed to punish unrelated police misconduct. United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140 (1944); United States v. Carignan, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48 (1951); United States v. Russian, 192 F.Supp. 183 (D.Conn.1961).
 
 
 27
 Similarly, this court has decided that evidence seized incident to an arrest made upon a warrant must be suppressed if it is shown that the affiant intentionally misrepresented certain facts in order to deceive the warrant-issuing magistrate, whether or not those facts were material to the warrant showing of probable cause. United States v. Carmichael, 489 F.2d 983 (7th Cir. 1973). We reached this result because of our belief that intentional false swearing by law enforcement officers to bolster a probable cause showing presents such an egregious threat to Fourth Amendment rights that it deserves the strongest deterrent available.
 
 
 28
 Finally, while we affirm the decision reached by the district court, we are not unresponsive to the defendant's charge that this result strips Rule 5(a) of some meaning. We remind federal law enforcers that the rule was amended in 1972 in spite of objections which we understand were made by the Justice Department that the amendment would create an additional and unnecessary administrative burden upon the criminal justice system. If filing 5(a) complaints which show probable cause is in fact burdensome, it must nevertheless be done, and performed with both care and accuracy. The impeachment value of a carelessly drafted 5(a) complaint and the immediate possibility of having a suspect discharged from custody on the basis of such a complaint will encourage meaningful adherence to Rule 5(a) in the future. We think it unwise to read in the exclusionary rule as an additional incentive to promote compliance with Rule 5(a)'s complaint requirement without some affirmative language to that effect in the Rule itself.
 
 
 29
 The judgment appealed from is AFFIRMED.
 
 
 
 [1]
 The facts as presented on appeal do not indicate clearly whether the search or the arrest occurred first. However, the parties seem to agree in their respective briefs and the trial judge found that the arrest was effectuated when Fernandez' car was stopped, with the search and seizure following the arrest. We accept this view
 
 
 [2]
 Two complaints were filed simultaneously, one by Investigator Dailey of the Chicago Police Department against Fernandez; the other by Special Agent Irwin of the Drug Enforcement Administration against Jose Rodriguez, a co-defendant who was subsequently acquitted. The parties have agreed that since the magistrate had both complaints at the same time, it is fair to consider the contents of both in evaluating them under the requirements of Rule 5(a)
 
 
 [3]
 See United States v. Carmichael, 489 F.2d 983 (7th Cir. 1973)
 
 
 [4]
 Because Rule 5(a) requires the filing of a probable cause complaint at the initial appearance following a warrantless arrest, the Gerstein review in the federal system will occur at that time also. However, the Court made clear that the Gerstein determination was not constitutionally mandated to coincide with the suspect's first appearance before a judicial officer. Gerstein, 420 U.S. at 123-24, 95 S.Ct. 854
 
 
 [5]
 Proposed Rule 5(d)(1), Comm. on Rules of Practice and Procedure of the Judicial Conference of the United States, Preliminary Draft of Proposed Amendments to the Federal Rules of Criminal Procedure for the United States District Courts 11 (1970)
 
 
 [6]
 Id. at 14